IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **NELSON WILLIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-732-ALM-KPJ |
| | § | |
| **ADAM M. ARON,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Nelson Willis's ("Plaintiff") third motion for extension of time to file his responses to Defendant Adam M. Aron's Motion to Dismiss (Dkt. 10) and Motion for Protective Order (Dkt. 12) (the "Third Motion for Extension") (Dkt. 23), which was filed on February 7, 2024. On January 22, 2024, the Court granted Plaintiff's second motion for extension, extending the deadline to file his responses to February 16, 2024. *See* Dkt. 20 at 2.

In the Third Motion for Extension (Dkt. 23), Plaintiff represents that he is "diligently working on securing legal representation and concurrently drafting [his] amended complaint."[1] Dkt. 23. Plaintiff requests that his deadlines be extended to March 15, 2024. *Id.*

---

[1] Plaintiff represents that "[t]he nature and complexity of my case have led to the expanded length of my First Amended Verified Complaint (FAVC), which currently spans over 210 pages." Dkt. 23. The pleading standard established in Federal Rule of Civil Procedure 8 requires "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). "The underlying purpose of Rule 8 is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Jaser v. AT&T Servs. Inc.*, No. 18-cv-3429, 2020 WL 1329151, at *4 (N.D. Tex. Mar. 23, 2020) (quoting *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979)) (cleaned up). Courts in this circuit have dismissed lengthy complaints when they are overly repetitious and difficult to follow. *See id.* (dismissing the plaintiff's 180-page complaint because "the operative complaint [was] far too lengthy and repetitious"); *Kluksdahl v. Loyola Univ. New Orleans*, No. CV 16-2990, 2016 WL 4261732, at *1–2 (E.D. La. Aug. 12, 2016) (dismissing the plaintiff's 130-page complaint because of "rambling, scattered arguments and factual allegations which unquestionably" violated Rule 8); *McZeal v. J.P. Morgan Chase Bank, NA*, No. CIV.A. 13-6754, 2014 WL 3166715, at *6 (E.D. La. July 7, 2014) (dismissing 57-page complaint that was "written in an impenetrably

On February 14, 2024, Defendant filed a response (Dkt. 24) to Plaintiff's Third Motion for Extension (Dkt. 23), wherein Defendant represents he is opposed to Plaintiff's request because "this third extension appears to now demonstrate a pattern of delay." Dkt. 24 at 1. Defendant argues that Plaintiff has "failed to explain his efforts over the past several weeks to try to secure legal counsel to assist him in prosecuting this case nor did he provide any insight into the likelihood that he would be able to retain counsel at all." *Id.* Further, Defendant contends that "Plaintiff should not be given more time to prepare a lengthier Fist Amended Verified Complaint" because "[t]he Court has already cautioned Plaintiff about filing a lengthy amended complaint." *Id.* Thus, Defendant requests that the Court deny the Third Motion for Extension (Dkt. 23) and require that Plaintiff's deadline remain on February 16, 2024. *Id.* at 2.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" FED. R. CIV. P. 6(b). If the court acts or the request is made prior to the expiration of the time limit at issue, the court "may extend the period for any reason, upon a party's motion or even on its own initiative." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing FED. R. CIV. P. 6(b)(1)(A)). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 14-cv-1204, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2023)).

Here, Plaintiff seeks an extension before his deadline set in the Court's January 22, 2024, order. *See* Dkt. 20 at 2. The Court finds that the circumstances set forth in the Third Motion for

---

dense, jargon-laden, and largely incomprehensible prose," and used "haphazard combinations of legal terms to make conclusory statements about" the defendants' behavior); *Muniz v. Medtronic, Inc.*, 2014 WL 1236314, at *2 (W.D. Tex. Mar. 20, 2014) (dismissing 77-page complaint for failing to comply with Rule 8).

Extension (Dkt. 23) constitute good cause to extend Plaintiff's deadline because Plaintiff is "diligently working on securing legal representation and concurrently drafting [his] amended complaint." Dkt. 23 at 1. However, the Court notes that Plaintiff provided this same explanation in his second request for extension. *See* Dkt. 17 at 1. Further, Plaintiff's original deadline to respond to Defendant's Motion to Dismiss (Dkt. 10) and Motion for Protective Order (Dkt. 12) was December 14, 2023, and December 22, 2023, respectively. *See* Dkt. 16 at 1. After this extension, Plaintiff's deadline will have been extended by more than two months from the original deadline. Further extensions may constitute undue delay and prejudice Defendant.

Upon consideration, the Third Motion for Extension (Dkt. 23) is **GRANTED**.

**IT IS ORDERED** that Plaintiff shall have until **March 15, 2024**, to file a response to the Motion to Dismiss (Dkt. 10) and the Motion for Protective Order (Dkt. 12) that complies with the Federal Rules of Civil Procedure and Local Rules. Defendant shall have **seven (7) days** from the date the response is served to file his reply, if any. *See* Loc. R. CV-7(f).

**So ORDERED and SIGNED this 26th day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE