IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NELSON WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-732-ALM-KPJ |
| | § | |
| ADAM M. ARON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Nelson Willis's ("Plaintiff") fourth motion for extension of time to file his responses to Defendant Adam M. Aron's ("Defendant") Motion to Dismiss (Dkt. 10) and Motion for Protective Order (Dkt. 12) (the "Fourth Motion for Extension") (Dkt. 26), which was filed on March 11, 2024. On February 26, 2024, the Court granted Plaintiff's third motion for extension, extending the deadline to file his responses to March 15, 2024. *See* Dkt. 25 at 3.

In the Fourth Motion for Extension (Dkt. 26), Plaintiff represents that he is currently working on his amended complaint that now spans over 254 pages and involves additional defendants.[1] Dkt. 26 at 1. Plaintiff requests that his deadlines be extended to April 26, 2024. *Id.*

---

[1] Plaintiff represents that "[t]he nature and complexity of my case have led to the expanded length of my First Amended Verified Complaint (FAVC), which currently spans over 210 pages." Dkt. 23. The pleading standard established in Federal Rule of Civil Procedure 8 requires "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). "The underlying purpose of Rule 8 is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Jaser v. AT&T Servs. Inc.*, No. 18-cv-3429, 2020 WL 1329151, at *4 (N.D. Tex. Mar. 23, 2020) (quoting *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979)) (cleaned up). Courts in this circuit have dismissed lengthy complaints when they are overly repetitious and difficult to follow. *See id.* (dismissing the plaintiff's 180-page complaint because "the operative complaint [was] far too lengthy and repetitious"); *Kluksdahl v. Loyola Univ. New Orleans*, No. CV 16-2990, 2016 WL 4261732, at *1–2 (E.D. La. Aug. 12, 2016) (dismissing the plaintiff's 130-page complaint because of "rambling, scattered arguments and factual allegations which unquestionably" violated Rule 8); *McZeal v. J.P. Morgan Chase Bank, NA*, No. CIV.A. 13-6754,

1

On March 13, 2024, Defendant filed a response (Dkt. 27) to Plaintiff's Fourth Motion for Extension (Dkt. 26), wherein Defendant represents he is opposed to Plaintiff's request because "Plaintiff's conduct in seeking this fourth extension demonstrates a pattern of delay." Dkt. 27 at 1. Defendant argues that "Plaintiff failed to show in his Motion that any real progress has been made by him since his first, second, and third requests were granted by this Court." *Id.* Defendant also contends that "Plaintiff continues to provide the same explanations as to why he needs the additional time." *Id.* Further, Defendant contends that an extension until April 26, 2024 will prejudice him and constitute undue delay because Plaintiff has already been provided an additional three months to respond to the Motion to Dismiss (Dkt. 10) and two and a half months to respond to the Motion for Protective Order (Dkt. 12). *Id.* at 2. Thus, Defendant requests that the Court deny the Fourth Motion for Extension (Dkt. 26). *Id.*

"When an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" FED. R. CIV. P. 6(b). If the court acts or the request is made prior to the expiration of the time limit at issue, the court "may extend the period for any reason, upon a party's motion or even on its own initiative." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing FED. R. CIV. P. 6(b)(1)(A)). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 14-cv-1204, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2023)).

---

2014 WL 3166715, at *6 (E.D. La. July 7, 2014) (dismissing 57-page complaint that was "written in an impenetrably dense, jargon-laden, and largely incomprehensible prose," and used "haphazard combinations of legal terms to make conclusory statements about" the defendants' behavior); *Muniz v. Medtronic, Inc.*, 2014 WL 1236314, at *2 (W.D. Tex. Mar. 20, 2014) (dismissing 77-page complaint for failing to comply with Rule 8).

Here, the Court finds that the circumstances set forth in the Fourth Motion for Extension (Dkt. 26) do not constitute good cause to extend Plaintiff's deadline because Plaintiff has provided the same excuses for the need for an extension as in his previous motions. *See* Dkt. 26 at 1; 13 at 1; 17 at 1; 23 at 1. In the Fourth Motion for Extension (Dkt. 26), Plaintiff asserts that he is working on the amended complaint that now spans over 254 pages and involves additional defendants and that he has been consulting potential attorneys to assist him in this case. Dkt. 26 at 1. However, this is the same reasoning that Plaintiff provided in each of his previous requests for extension. *See* Dkts. 13, 17, 23. Moreover, the extensions granted have already caused a three-month delay in this case. *See* Dkts. 13, 17, 23, 26. Plaintiff's original deadline to respond to Defendant's Motion to Dismiss (Dkt. 10) and Motion for Protective Order (Dkt. 12) was December 14, 2023, and December 22, 2023, respectively. *See* Dkt. 25 at 3. It is now April 8, 2024; if the Court were to grant the requested extension the delay would be over four months. Plaintiff's requests are verging on bad faith because he has asserted in each motion that he is almost done with his amended complaint, but on the eve of each of his deadlines, requests another extension from the Court asserting that his amended complaint is not quite ready. *See* Dkts. 13, 17, 23, 26. Thus, the Court finds it appropriate to grant Plaintiff's request only to the extent necessary to enable him to file his amended complaint and response to the Motion for Protective (Dkt. 12) in their current form for the Court's consideration.

Upon consideration, the Fourth Motion for Extension (Dkt. 23) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that Plaintiff shall file his response, if any, to the Motion to Dismiss (Dkt. 10) and the Motion for Protective Order (Dkt. 12) no later than **April 15, 2024**. The Court will grant no further extensions to Plaintiff related to his responses to the Motion to Dismiss (Dkt.

10) and the Motion for Protective Order (Dkt. 12). Defendant shall have **seven (7) days** from the date the response is served to file his reply, if any. *See* LOC. R. CV-7(f).

**So ORDERED and SIGNED this 8th day of April, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE