IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NELSON WILLIS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-732-ALM-KPJ |
| | § | |
| ADAM M. ARON, | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are the following motions:

- Plaintiff Nelson Willis's ("Plaintiff") Motion for Emergency Halt and Cease-and-Desist Request Pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "First Motion for Injunction") (Dkt. 35), to which Defendant Adam M. Aron ("Defendant") filed a response (the "Response") (Dkt. 36);

- Plaintiff's Motion for Temporary Restraining Order (the "Second Motion for Injunction") (Dkt. 37); and

- Plaintiff's Emergency Motion to Establish Status Quo Regarding AMC Shareholder Meeting (the "Third Motion for Injunction") (Dkt. 38) (collectively, the "Motions for Injunction") (Dkts. 35; 37–38).

For the reasons that follow, the Court recommends the Motions for Injunction (Dkts. 35; 37–38) be **DENIED**.

I. BACKGROUND

On August 14, 2023, Plaintiff, proceeding *pro se*, filed a complaint (the "Complaint") (Dkt. 1) against Defendant. Dkt. 1 at 1. In the Complaint (Dkt. 1), Plaintiff brings causes of action for malicious prosecution, abuse of process, and intentional infliction of emotional distress against Defendant, the Chief Executive Officer ("CEO") of AMC Entertainment Holdings, Inc. ("AMC"),

1

regarding a suit for protective order filed by Defendant in the 235th Judicial District Court of Cooke County. *See* Dkt. 1 at 3–4, 26–28.

On November 30, 2023, Defendant filed the Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support (the "Motion to Dismiss") (Dkt. 10), requesting that "the Court dismiss this case because the Plaintiff's Complaint fails to state a claim upon which relief can be granted." Dkt. 10 at 1. On December 8, 2023, Defendant filed a Motion for Protective Order Against Plaintiff Nelson Willis (the "Motion for Protective Order") (Dkt. 12), wherein Defendant seeks "a Protective Order pursuant to Art. 7B.003 of the Texas Code of Criminal Procedure to prohibit [Plaintiff] from engaging in conduct that constitutes criminal stalking for the duration of [Plaintiff's] life." Dkt. 12 at 1. After four extensions of time granted by the Court, Plaintiff filed his response to the Motion to Dismiss (Dkt. 10) and Motion for Protective Order (Dkt. 12) on April 15, 2024. *See* Dkts. 16; 20; 25; 30; 32.

On March 13, 2024, Defendant filed a Motion to Compel Initial Disclosures (the "Motion to Compel") (Dkt 28), requesting the Court enter "an order compelling Plaintiff to provide his initial disclosures in this case under Federal Rule of Civil Procedure 26(a)(1) within 14 days." Dkt. 28 at 2. Plaintiff did not file a response to the Motion to Compel (Dkt. 28).

On May 14, 2024, Plaintiff filed the First Motion for Injunction (Dkt. 35), wherein Plaintiff represents that he is "writing to urgently address the ongoing litigation involving AMC . . . , the allegations of stock manipulation, rigged votes, and fraudulent activity related directly to and against [Defendant], and the ongoing attempts by [Defendant] and this board to gain immunity from future lawsuits for their crimes and so they can continue their 'Clean Up Operations of Project Popcorn.'" Dkt. 35 at 1. Plaintiff represents that the shareholders of AMC "face another rigged shareholder vote scheduled for June 5, 2024." *Id.* at 2. Plaintiff asserts that on August 24, 2023,

2

the shareholders "suffered an illegal 10 to 1 reverse stock split, which further eroded shareholder value and confidence in the company" and that "[t]hese actions have had profoundly negative and destructive effects on [himself] and the other Class A Common Shareholders." *Id.* Plaintiff requests "an emergency halt and cease-and-desist order on any further corporate actions by AMC . . . effective immediately." *Id.* Plaintiff asserts that his request is made "pursuant to Rule 65 of the Federal Rules of Civil Procedure" and "is supported by the following laws, rules, and regulations":

> 1. Securities Exchange Act of 1934, Section 10(b) and Rule 10b-5, which prohibit fraudulent practices in connection with the purchase or sale of securities.
>
> 2. Securities Act of 1933, which regulates the offer and sale of securities.
>
> 3. The Dodd-Frank Wall Street Reform and Consumer Protection Act, which aims to promote financial stability and protect consumers from abusive practices.
>
> 4. Regulations of the U.S. Securities and Exchange Commission (SEC), including Regulation SHO, Regulation FD, and Regulation Fair Disclosure, which govern short selling, selective disclosure, and fair disclosure practices.
>
> 5. Corporate governance principles and best practices established by the New York Stock Exchange (NYSE) and NASDAQ Stock Market.

*Id.* at 2–3.

On May 28, 2024, Defendant filed the Response (Dkt. 36) asserting that the First Motion for Injunction (Dkt. 35) "has nothing to do with the issues pending before this Court" and "is procedurally deficient and substantively without merit." Dkt. 36 at 2. Defendant asserts that "Plaintiff's claims against [Defendant], individually, are limited to malicious prosecution, abuse of process, and intentional infliction of emotional distress arising from a Motion for Protection [Defendant] filed against Plaintiff in state court for online stalking and harassment and then voluntarily dismissed," and the "request for injunctive relief has no relation to the underlying claims against [Defendant]." *Id.* Defendant further argues that the First Motion for Injunction

(Dkt. 35) "must be denied because it seeks injunctive relief against persons Plaintiff neither sued nor served in this action—AMC and its Board of Directors." *Id.* Finally, Defendant argues that "Plaintiff likewise failed to demonstrate a substantial likelihood of success on the merits against [Defendant] or the non-parties." *Id.*

On May 30, 2024, Plaintiff filed the Second Motion for Injunction (Dkt. 37), wherein he resubmits his request for a temporary restraining order to stop an AMC shareholder meeting scheduled on June 5, 2024. Dkt. 37 at 20–21. In the Second Motion for Injunction (Dkt. 37), Plaintiff concedes that the request for a temporary restraining order is unrelated to his asserted causes of action in the Complaint (Dkt. 1) but argues that "[t]he court has inherent equitable powers to issue orders to protect the rights of parties and prevent irreparable harm – even if these parties are not part of this lawsuit – so far." *Id.* at 19–20.

On June 4, 2024, Plaintiff filed the Third Motion for Injunction (Dkt. 38), wherein he resubmits his request that "the [C]ourt issue an emergency order to establish the status quo by temporarily halting the AMC . . . shareholder meeting scheduled for June 5, 2024, until the court has ruled on the pending motions." Dkt. 38 at 2. Plaintiff argues that "[a]llowing the shareholder meeting to proceed without the [C]ourt's ruling could lead to irreversible changes and actions that would prejudice the rights of the parties and potentially undermine the [C]ourt's ability to provide effective relief." *Id.*

## II.  LEGAL STANDARD

Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Courts in the Fifth Circuit have made clear that temporary restraining orders and preliminary injunctions constitute "extraordinary and drastic remed[ies]," which are "not to be

granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir.1985)); *see also Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999) ("Temporary restraining orders and preliminary injunctions are extraordinary relief and rarely issued.").

To obtain such relief, a party seeking a TRO and/or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor, and (4) an injunction is in the public interest. *See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 21 (2008)). The movant has the burden of introducing sufficient evidence to justify the granting of a preliminary injunction or temporary restraining order. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005). Injunctive relief "should only be granted if the movant has clearly carried his burden of persuasion on all four factors." *ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 681 (N.D. Tex. 2015) (citing *Miss. Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). The decision to grant or deny an injunction is "left to the sound discretion of the district court." *Id.*

### III. ANALYSIS

"[A] preliminary injunction may not issue when it is not of the same character as that which may be granted finally and when it deals with matter outside the issues in the underlying suit." 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2947 (3d ed. 2023); *see also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). In *De Beers*, the Supreme Court reversed a decree granting a preliminary injunction because the

injunction in question was not of the same character as "that which may be granted finally." 325 U.S. at 220. Similarly, the Eleventh Circuit upheld a denial of a preliminary injunction when the suit was for damages on a claim of fraud and the injunction sought equitable relief regarding a First Amendment issue. *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

Here, Plaintiff's causes of action are malicious prosecution, abuse of process, and intentional infliction of emotional distress. Dkt. 1 at 26–28. Plaintiff seeks an order from the Court halting the AMC shareholder meeting scheduled for June 5, 2024. *See* Dkts. 35 at 1; 37 at 20–21; 38 at 2. Plaintiff has not explained to the Court how this request for injunctive relief is related to the causes of action against Defendant; indeed, Plaintiff concedes in the Second Motion for Injunction (Dkt. 37) that his request for injunctive relief is not related to the causes of action asserted in the Complaint (Dkt. 1). *See* Dkt. 37 at 19 ("Defendant argues[ that] the [First Motion for Injunction] is irrelevant to the underlying claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress. This is correct . . . . The [First Motion for Injunction] directly addresses the ongoing harm to shareholders, which is – in Plaintiff[']s opine [sic] – within this honorable court's purview to protect."). Plaintiff's request for an injunction stopping an AMC shareholder meeting is not of the same character as the relief Plaintiff seeks in the Complaint (Dkt. 1), which is compensatory damages for his claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress against Defendant. Dkt. 1 at 29. Further, Plaintiff's request for injunctive relief involves entirely different incidents and actors than the causes of action alleged in the Complaint (Dkt. 1). *See Wagner v. Jones*, No. 09-cv-10, 2015 WL 13469314, at *5 (S.D. Iowa Jan. 23, 2015) (denying the plaintiff's request for injunctive relief "[b]ecause the [m]otion does not relate to the current lawsuit"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish

a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Accordingly, because the AMC shareholder meeting is a matter wholly outside the issues in this suit, the Motions for Injunction (Dkts. 35; 37–38) should be denied.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends the Motions for Injunction (Dkts. 35; 37–38) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 US.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 5th day of June, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE