IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NELSON WILLIS, | § | |
| | § | |
| Plaintiff, | § | Case No.: 4:23-CV-732-ALM-KPJ |
| | § | |
| vs. | § | |
| | § | |
| ADAM M. ARON, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT ADAM M. ARON'S RESPONSE TO PLAINTIFF'S MOTION TO MOVE CASE DIRECTLY TO DISCOVERY PHASE

Defendant Adam M. Aron ("Aron") requests that the Court deny Plaintiff's Motion to Move Case Directly to Discovery Phase filed on June 10, 2024 for the reasons set forth below.

## INTRODUCTION

Plaintiff (a pro se litigant) is a disgruntled AMC shareholder. Last Spring, using the email address "nelsonwillis3@gmail.com," Plaintiff began harassing and cyberstalking Aron. Plaintiff sent harassing, threatening, and profane emails to Aron and about Aron to others. [Dkt. 12, p. 2, ¶¶ 7-9; Dkt. 12-1, pp. 1-92]. Many of the harassing emails included antisemitic vitriol directed at Aron. [Dkt. 12-1, pp. 13-15, 17-21, 23, 25, 29, 32, 34, 58-59, 61, 69-70, 82-83, 86-89, 91]. Due to the volume and content of Plaintiff's emails, Aron sought a protective order against him in Texas state court. [Dkt. 10, pp. 1, 3-4]. Aron later voluntarily nonsuited the state court proceedings without prejudice. [Dkt. 10, pp. 1, 3-4].

On August 14, 2023, Plaintiff filed his Verified Complaint before this Court asserting causes of action for malicious prosecution, abuse of process, and intentional infliction of

emotional distress. [Dkt. 1]. Aron filed his Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) on November 30, 2023. [Dkt. 10]. That Motion is pending before the Court.

While this case has been pending, Plaintiff refused to confer with Aron's counsel concerning the Rule 26(f) status report and still has yet to serve his Initial Disclosures. [*See* Dkts. 18 and 28]. Recently, Plaintiff began filing a barrage of Motions that have no relevance to his underlying causes of action asserted against Aron. [Dkt. 35, 37-38, 40-47, 49-50].

The present Motion appears to seek an Order from this Court to compel the United States Securities and Exchange Commission (the "SEC") to produce certain materials to Plaintiff relating to a Freedom of Information Act ("FOIA") request submitted by a non-party to the SEC in December 2023.[1] [Dkt. 42, p. 1; Dkt. 42-1]. Plaintiff's Motion should be denied.

## LAW AND ARGUMENT

### A.     Plaintiff's Motion is premature.

Plaintiff has not attempted to obtain the requested materials from the SEC via the appropriate discovery rule related to non-parties. *See* FED. R. CIV. P. 45. Only after Plaintiff has properly served a subpoena to the SEC and the SEC has failed to timely respond can Plaintiff seek to compel production.[2] *See id.*

### B.     Plaintiff's Motion seeks materials from the SEC that are outside the permissible scope of discovery.

Under Rule 26(b), Plaintiff may only "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the

---

[1] It appears that an individual named Ethan Leibovitz (non-party) sent a "FOIA" request to the SEC in December 2023, seeking (in part) communications the SEC had received from Plaintiff "giving the SEC notice about AMC's and CEO Adam Aron's pernicious financial engineering scheme…". [Dkt. 42-1]. Mr. Leibovitz then clarified the scope of his FOIA request in February 2024, advising that he only sought information relating to any investigations of AMC Entertainment Holdings, Inc. [Dkt. 42-1, p. 2]. In the SEC's Response, the SEC advised Mr. Leibovitz that it would be withholding responsive materials it deemed privilege but that it was still working on determining what non-privileged responsive materials, if any, it had that could be produced. [Dkt. 42-1, pp. 2-3].

[2] With regard to the non-party's pending FOIA request, the SEC is still working on its formal response. [Dkt. 42-1, pp. 2-3].

case…" FED. R. CIV. P. 26(b)(1).  Plaintiff's Motion seeks a laundry list of materials from the SEC wholly unrelated to his causes of action against Aron, including materials relating to any SEC investigations of AMC Entertainment Holdings, Inc., a non-party.  [*See* Dkt. 42-1, pp. 1-2].

C. **Plaintiff's Motion seeks materials that are already in his possession, custody, or control.**

To the extent that Plaintiff seeks to compel the SEC to produce his own emails that he sent to the SEC, Plaintiff already has those materials in his possession.  That particular discovery sought from the SEC can be obtained by Plaintiff from his own email account.  *See* FED. R. CIV. P. 26(b)(2)(C)(i).  Plaintiff's Motion failed to provide argument or explanation as to why he needs to compel the SEC to produce written communications that he had directly with the SEC.

### CONCLUSION

For these reasons, Defendant Adam M. Aron respectfully requests for the Court to deny Plaintiff's Motion to Move Case Directly to Discovery Phase filed on June 10, 2024.

Dated:  June 24, 2024

Respectfully submitted,

By: */s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
Rick.illmer@huschblackwell.com
Meghann Reeves
State Bar No. 24094499
Email: Meghann.Reeves@huschblackwell.com

**HUSCH BLACKWELL LLP**
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: 214.999.6100
Facsimile: 214.999.6170

**ATTORNEYS FOR DEFENDANT
ADAM M. ARON**

**DEFENDANT ADAM M. ARON'S RESPONSE TO
PLAINTIFF'S MOTION TO MOVE CASE DIRECTLY TO DISCOVERY PHASE                    PAGE 3**

## CERTIFICATE OF SERVICE

    The undersigned certifies that on June 24, 2024, a true and correct copy of the foregoing document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                                   */s/ Richard A. Illmer*
                                    Richard A. Illmer