IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

NELSON WILLIS,

Plaintiff,

v.

ADAM M. ARON, Defendant.

§ § § § § § § §

Case No.: 4:23-CV-732-ALM-KPJ

PLAINTIFF'S OBJECTION TO DEFENDANT ADAM M. ARON'S RESPONSE (51) TO PLAINTIFF'S MOTION TO MOVE CASE DIRECTLY TO DISCOVERY PHASE (42)

THE HONORABLE DISTRICT JUDGE AMOS LOUIS MAZZANT, III

Your Honor,

Plaintiff humbly thanks this court for its dedication to justice and integrity.

Plaintiff states, let the record reflect that opposing counsel has, for the second time in two filings, shifted from portraying Plaintiff as a harassing cyber stalker to now characterizing him as a disgruntled shareholder. In two court cases, Plaintiff has only been declared a harassing cyber stalker up until the opposing counsel's last filing and this current filing today. It is important to note that Plaintiff's emails

can easily be aptly portrayed and characterized as expressions of righteous anger from a concerned shareholder.

Introduction:

Defendant Adam M. Aron ("Aron") has filed a response opposing Plaintiff's Motion to Move Case Directly to Discovery Phase. Plaintiff objects to this response and provides the following arguments and supporting Texas case law to demonstrate why his motion should be granted. Additionally, Plaintiff seeks to correct the factual inaccuracies presented in Defendant's response.

Law and Argument:

A. Plaintiff's Motion is Not Premature:

Defendant asserts that Plaintiff's Motion is premature because Plaintiff has not attempted to obtain the requested materials from the SEC via appropriate discovery rules. However, this is incorrect. Under Texas law, and pursuant to Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 549 (Tex. 1985), discovery should be liberally construed to allow the litigant access to all relevant and material information necessary to establish their case. Plaintiff is merely seeking access to information that is crucial for the preparation of his case.

B. Plaintiff's Motion Seeks Relevant Materials:

Defendant argues that the materials requested from the SEC are outside the permissible scope of discovery. However, under Texas law, relevancy is broadly construed. As stated in In re National Lloyds Insurance Co., 449 S.W.3d 486, 488 (Tex. 2014), discovery is permissible if it appears reasonably calculated to lead to the discovery of admissible evidence. The requested materials are relevant to Plaintiff's claims and counter arguments, and their production is necessary for a fair adjudication of this case. Notably, Plaintiff has already filed a FOIA response from the SEC indicating an investigation into AMC Entertainment Holdings, Inc. This establishes the relevance of the requested documents to the case at hand.

C. Plaintiff's Motion Seeks Materials Not Solely in His Possession:

Defendant claims that Plaintiff already has the requested materials in his possession. However, the requested communications between Plaintiff and the SEC may contain additional context, notes, or internal communications that Plaintiff does not possess. As established in In re Colonial Pipeline Co., 968 S.W.2d 938, 942 (Tex. 1998), a party is entitled to discovery of documents in the possession of a third party if those documents are relevant and necessary for the litigation. The SEC's responses and internal documentation regarding Plaintiff's communications are crucial to understanding the full context and potential impacts on the case.

D. Clarification of FOIA Request:

Defendant incorrectly states that Plaintiff submitted the FOIA request. In reality, an associate assisting in the preparation of the case, Ethan Leibovitz, submitted the FOIA request in December 2023. The SEC's response, which was received on May 2, 2024, confirmed an ongoing investigation into AMC Entertainment Holdings, Inc. Defendant's failure to accurately review and represent the FOIA request demonstrates a lack of diligence and a misrepresentation of the facts. This further underscores the necessity of moving this case directly to the discovery phase to ensure all relevant information is accurately and fairly assessed.

Conclusion:

For these reasons, Plaintiff respectfully requests that the Court grant his Motion to Move Case Directly to Discovery Phase. The materials sought from the SEC are highly relevant to the case, necessary for a fair adjudication, and not solely in Plaintiff's possession. Plaintiff's request for discovery is neither premature nor outside the permissible scope of discovery, as established by relevant Texas case law and the facts of this case.

Dated: June 24, 2024

Respectfully submitted,

*/s/ Nelson Willis*

Nelson Willis-Pro Se Plaintiff

United States District Court

Eastern District of Texas, Sherman Division

NELSON WILLIS,

Plaintiff,

v.

ADAM M. ARON,

Defendant

Case No.: 4:23-CV-732-ALM-KPJ

Certificate of Service

I, Nelson Willis, hereby certify that on June 24, 2024, a true and correct copy of the foregoing document was, by filing with the Clerk Of The Court, sent via electronically mail to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

*/s/ Nelson Willis*

Nelson Willis

Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NELSON WILLIS,
Plaintiff,

v.

ADAM M. ARON,
Defendant

§ § § § § § § §

Case No.: 4:23-CV-732-ALM-KPJ

June 24, 2024

PROPOSED ORDER GRANTING PLAINTIFF'S OBJECTION TO DEFENDANT ADAM M. ARON'S RESPONSE(51) TO PLAINTIFF'S MOTION TO MOVE CASE DIRECTLY TO DISCOVERY PHASE (42)

Before the Court is the Plaintiff's Objection to Defendant Adam M. Aron's Response to Plaintiff's Motion to Move Case Directly to Discovery Phase. Having considered the Plaintiff's motion, the Defendant's response, and the applicable law, the Court finds that the Plaintiff's motion should be GRANTED.

**ORDER**

It is hereby ORDERED that Plaintiff's Motion to Move Case Directly to Discovery Phase is GRANTED for the following reasons:

1. **Introduction:**
   - Plaintiff objects to Defendant's response opposing the Motion to Move Case Directly to Discovery Phase and provides valid arguments supported by Texas case law.

2. **Plaintiff's Motion is Not Premature:**
   - The Court finds that Plaintiff's motion is not premature. Pursuant to *Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 549 (Tex. 1985)*, discovery should be liberally construed to allow access to all relevant and material information necessary to establish Plaintiff's case. Plaintiff seeks access to crucial information for case preparation.

3. **Plaintiff's Motion Seeks Relevant Materials:**
   - The Court acknowledges that the materials requested from the SEC are relevant and necessary for the fair adjudication of this case. Under *In re National Lloyds Insurance Co., 449 S.W.3d 486, 488 (Tex. 2014)*, discovery is permissible if it appears reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff's FOIA response from the SEC indicates an investigation into AMC Entertainment Holdings, Inc., further establishing the relevance of the requested documents.

4. **Plaintiff's Motion Seeks Materials Not Solely in His Possession:**
   - The Court finds that the requested communications between Plaintiff and the SEC may contain additional context or internal communications not in Plaintiff's possession. As established in *In re Colonial Pipeline Co., 968 S.W.2d 938, 942 (Tex. 1998)*, a party is entitled to discovery of documents in the possession of a third party if those documents are relevant and necessary for the litigation.

**Conclusion:**

For these reasons, the Court GRANTS Plaintiff's Motion to Move Case Directly to Discovery Phase. The materials sought from the SEC are relevant, necessary for a fair adjudication, and not solely in Plaintiff's possession. The Court finds that Plaintiff's request for discovery is neither premature nor outside the permissible scope of discovery.

IT IS SO ORDERED.

Dated: _____, 2024

_____

Hon. Amos Louis Mazzant, III
United States District Judge
Eastern District of Texas