IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NELSON WILLIS,

Plaintiff,

vs.

ADAM M. ARON,

Defendant.



Case No.: 4:23-CV-732-ALM-KPJ

June 25, 2024

THE HONORABLE DISTRICT JUDGE AMOS LOUIS MAZZANT, III

PLAINTIFF'S COMPREHENSIVE REPLY TO DEFENDANT ADAM M. ARON'S RESPONSES (55), AND MOTION TO UNSEAL DOCUMENTS AND FOR MENTAL EVALUATION

Plaintiff Nelson Willis submits this comprehensive reply to Defendant Adam M. Aron's various responses, including objections to the mental evaluation request, and submitted a motion on June 24, 2024, to unseal crucial documents related to United States v. Sakoya Blackwood. Case no. 1:22-CR-00460-JMF (SEE EXHIBIT A)

I. INTRODUCTION

This reply addresses the Defendant's continued attempts to dismiss Plaintiff's legitimate requests for discovery, which will run concurrently with the United States Securities and Exchange Commission as stated in Plaintiff's filing Case 4:23-cv-00732-ALM-KPJ, Document 42-1, Filed 06/10/24, regarding the Criminal (Law Enforcement) Investigation Into AMC Entertainment Holdings, Inc. Additionally, the request for a mental evaluation is not intended to harass but is vital for ensuring a fair trial in both this case and the lawsuit Plaintiff is separately filing now against Richard Illmer, Meghann Reeves, and Defendant Adam M. Aron. Furthermore, Plaintiff emphasizes the necessity of unsealing documents pertinent to the case. Plaintiff also highlights that there are no current agreements on discovery in this case, and the Defendant's attorney is improperly attempting to control the pace and direction of the lawsuit.

Moreover, the Plaintiff highlights the substantial financial impact of the Defendant's actions, resulting in approximately $23 billion loss in market capitalization of AMC stock, which significantly harmed countless investors. The Plaintiff also underscores that the AMC Board of Directors did nothing while CEO Adam M. Aron sent sexually explicit images of himself, and instead worked to seal the documents from public view. Despite being sued over 27 times, Adam M. Aron has never been deposed or reached the witness stand, as cases are consistently settled out of court to avoid prosecution. This pattern of behavior, particularly following the United States v. Sakoya Blackwood case no. 1:22-CR-00460-JMF, further demonstrates the need for the requested actions.

II. ARGUMENTS

A. Mental Evaluation Request

1. Defendant's Mental State Is In Controversy:

The Defendant's mental state is directly relevant given his alleged involvement in fraudulent activities and potential mental manipulation tactics. FED. R. CIV. P. 35 supports this evaluation when a party's mental condition is in controversy, which is clearly demonstrated by the Defendant's actions.

2. Good Cause for Mental Evaluation:

Evidence of erratic behavior and the serious nature of the allegations justify this request, aiming to understand the Defendant's mental capacity and intent in his alleged actions.

B. Necessity of Discovery

1. No Agreements on Discovery:

There are currently no agreements regarding discovery in this case. The Defendant's attorney continues to assert control over the pace and direction of this lawsuit, which is improper and must be addressed by the Court. The Plaintiff respectfully requests that the Court recognize and intervene to ensure a fair and balanced discovery process.

2. Strategic Filings and Comprehensive Discovery:

Plaintiff's strategic filings have highlighted the need for comprehensive discovery to uncover the extent of alleged corporate misconduct and the Defendant's specific actions. This includes evidence that led to the non-suited protective order which Plaintiff contends was an attempt to evade scrutiny. The Plaintiff's motion to unseal documents in the United States v. Sakoya Blackwood case is timely and critical to the present case, given the relevance of the evidence contained therein.

C. Motion to Unseal Documents

1. Importance of Sealed Documents:

The sealed documents from the case in the Southern District of New York contain potentially damning evidence, including photographs and FBI reports, that are crucial for a full and fair understanding of the allegations against the Defendant. These documents will provide significant insight into the Defendant's behavior and the context of the allegations, thus contributing to a fair adjudication of the case. The common law right of access to judicial records, as recognized in Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-99 (1978), supports the unsealing of these documents.

2. Relevance of SEC Investigation:

The ongoing SEC investigation into AMC Entertainment Holdings, Inc. underscores the potential systemic issues within the corporation and supports the allegations made in this lawsuit. The Plaintiff previously submitted the SEC's response to a FOIA request confirming this investigation. The unsealed documents are likely to corroborate the Plaintiff's claims of

corporate misconduct and provide crucial evidence of the Defendant's actions and state of mind.

III. CONCLUSION

The sealed documents and the results of the SEC investigation are pivotal for the just resolution of this case. By granting the motion to unseal and considering the mental evaluation of the Defendant, the Court will ensure that all relevant information is available for a fair adjudication of the matters at hand.

Therefore, Plaintiff respectfully requests that the Court:

• Grant the motion to unseal documents related to United States v. Sakoya Blackwood. Case no.1:-22-CR-00460-JMF

• Order a mental evaluation of Defendant Adam M. Aron.

• Compel the requested discovery to ensure transparency and accountability.

• Acknowledge that there are no agreements on discovery and ensure the process is fair and just for both parties.

Respectfully submitted,

_[signature]_

Nelson Willis

Plaintiff, Pro Se

1405 CR 208

Gainesville, Texas 76240

nelsonwillis3@gmail.com

CERTIFICATE OF SERVICE

I certify that on June 25, 2024, a true and correct copy of the foregoing document was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

Nelson Willis

Pro Se Litigant