UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

Nelson Willis,
Plaintiff,

v.

Adam M. Aron,
Defendant

**FILED**

JUL – 1 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Case No.: 04:23-CV-00732

THE HONORABLE DISTRICT JUDGE AMOS LOUIS MAZZANT, III

July 1, 2024

RE: EMERGENCY MOTION TO COMPEL IMMEDIATE PRODUCTION OF EMAILS, TEXT MESSAGES, AND OTHER COMMUNICATIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)

**Your Honor Judge Mazzant, III:**

May it please the Court, in light of recent evidence obtained and filed in the aforementioned case, Plaintiff, Nelson Willis, pro se, moves this Court for an Order compelling Defendant Adam M. Aron to immediately produce all communications, emails, text messages, instant messages, phone calls, video calls, smoke signals, paper airplanes, homing pigeons, or any other forms of communication in any language, including pentagrams, hieroglyphs, or any other symbolism of any religion or secret society. If it conveys a thought, Plaintiff demands it is seized. This includes any communications from burner phones and burner email accounts, exchanged between February 2023 and September 2023 between Defendant Adam M. Aron, John Merriwether, Sean Goodman, and Kevin Conner, each an executive working with the defendant.

**There will be many messages deleted. Those must be recovered.**

Defendant must also produce all emails addressed to AMC's Investor Relations Inbox, email address: investorrelations@amctheatres.com during the same period. Plaintiff had previously subpoenaed this information in the 235th District Court of Texas, Cooke County, Case No. 23-CV-00179. During those proceedings, Plaintiff subpoenaed Mr. John Merriwether for July 31, 2024, at 8:30 am CST. Miraculously, on that same day, when process was served on Mr. Merriwether to appear as a hostile witness to produce shareholder emails, Defendant's attorneys nonsuited without prejudice approximately 9 hours later at 5:58 pm CST.

Plaintiff further insists that these communications not only contain information regarding internal AMC corporate communications but also evidence conversations between AMC Board members and Social Media Influencers (SMIs), whom Plaintiff has named in other filings. There are nine SMIs that Plaintiff will be subpoenaing and subjecting to forensic audits as this case progresses. Hundreds of SMI Twitter/X accounts will also be identified via law enforcement, revealing direct involvement of Board members acting as Social Media Influencers.

Plaintiff further requests that law enforcement seize these communications through proper channels and Platform Law Enforcement Portals, allowing direct access to these communications from the platforms themselves.

This motion also relates to the prior court case in the 235th District Court of Texas, Case No. 23-CV-00179, presided over by Judge Janelle Haverkamp. Proceedings were terminated in favor of the Plaintiff after the Plaintiff's 60-page Opposition was filed and two subpoenas were served. Today, this remains undisputed.

**In support of this Motion, Plaintiff states as follows:**

**1. Introduction**

1. Plaintiff, Nelson Willis, has brought this action against Defendant for a series of fraudulent and deceptive practices, including but not limited to defrauding shareholders, securities fraud, fraudulent conveyance of a security/asset, theft, market manipulation, breach of fiduciary duty, malicious prosecution, abuse of process, and intentional infliction of emotional distress.

2. As part of the discovery process, it is essential to obtain all relevant communications between Adam M. Aron, CEO of AMC Entertainment Holdings, Inc., and John Merriwether, Vice President of Investor Relations, to uncover evidence of their alleged misconduct and conspiracy.

3. The issues in this case are also related to the prior proceedings in the 235th District Court of Texas, Case No. 23-CV-00179, where it is undisputed that the proceedings were terminated in favor of the Plaintiff.

**2. Relevance and Necessity**

4. The communications between Adam M. Aron and John Merriwether are highly relevant to the issues in this case, including the alleged implementation of "Project Popcorn" and other fraudulent schemes designed to manipulate AMC's stock price and deceive shareholders.

5. These communications are expected to provide direct evidence of the Defendant's intentions, strategies, and actions, which are critical to proving Plaintiff's claims.

**3. Specific Request**

6. Plaintiff requests the immediate production of:

   a. **Emails**:
     - All emails exchanged between the two officers, including deleted emails and emails in archived folders.
       - Microsoft Outlook/Office 365
       - Google Workspace (Gmail)
       - Yahoo Mail

   b. **Internal Messaging Systems**:
     - All messages from company-provided internal communication tools (e.g., Microsoft Teams, Slack).

   c. **Text Messages**:
      - All SMS and MMS messages exchanged between the officers, including those on company-provided and personal devices.
      - Standard SMS/MMS
      - WhatsApp
      - Signal
      - Telegram
      - Facebook Messenger

   d. **Call Logs**:
      - Detailed call logs of any phone calls between the officers, including duration and timestamps.

   e. **Social Media Communications**:
      - All messages exchanged on social media platforms (e.g., LinkedIn, Facebook, Twitter, Instagram).

   f. **Instant Messaging Apps**:
      - All communications via instant messaging apps (e.g., WhatsApp, Telegram, Signal).

   g. **Voicemail**:
      - Any voicemails left by either officer, including transcriptions if available.

   h. **Video Conferencing Logs**:
      - Logs and recordings of video conferences or meetings (e.g., Zoom, Google Meet, Microsoft Teams).

   i. **Shared Documents**:
      - Any documents shared between the officers via cloud storage services (e.g., Google Drive, Dropbox, OneDrive).

   j. **Database Communications**:
      - Any communication logs or entries from databases that track or store communication records (e.g., CRM systems).

   k. **Electronic Calendars**:
      - Entries from electronic calendars that show meetings, calls, or other interactions between the officers.

   l. **Attachments**:
      - Any attachments or files exchanged within these communications.

   m. **Meta Data**:
      - Metadata associated with all requested communications, such as timestamps, IP addresses, and device information.

   n. **Deleted Communications**:
      - Any communications that have been deleted but are retrievable from backups or archives.

   o. **Compliance with Preservation Orders**:

   - Confirmation that the company has complied with any preservation orders related to these communications.

7. Plaintiff further requests that these communications be verified through local law enforcement channels directly from the platforms themselves to ensure the integrity and completeness of the production. This should include using the platforms' Law Enforcement portals, such as Twitter's Law Enforcement Portal, to obtain the communications.

**4. Urgency**

8. The Plaintiff's case hinges on the timely acquisition of these communications. Delays in obtaining this evidence could result in irreparable harm to the Plaintiff's ability to prosecute this case effectively.

9. Given the nature of the allegations and the potential for ongoing deceptive practices, it is imperative that these communications be produced without delay to prevent further harm and to ensure justice is served.

**5. Legal Basis**

10. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non- privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The rule is intended to provide broad and liberal discovery (Hickman v. Taylor, 329 U.S. 495 (1947)).

11. Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party may move for an order compelling disclosure or discovery if another party fails to respond to discovery requests or provides evasive or incomplete responses.

12. Under 18 U.S.C. § 2703(d) (Stored Communications Act), a court can issue an order requiring a provider of electronic communication service or remote computing service to disclose certain records or information if there are reasonable grounds to believe the information sought is relevant and material to an ongoing investigation.

13. Texas Rule of Civil Procedure 192.3 permits discovery of any matter that is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.

14. Texas Rule of Civil Procedure 205.3 allows a party to obtain discovery from a nonparty through a subpoena.

15. Texas courts have held that discovery rules are to be liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial (In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998)).

**6. Support for Pro Se Plaintiffs**

16. The Supreme Court has recognized the rights of pro se litigants and emphasized that they are held to less stringent standards than those represented by counsel (Haines v. Kerner, 404 U.S. 519, 520 (1972)).

17. The Fifth Circuit has upheld the principle that pro se pleadings must be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers (SEC v. AMX, International, Inc., 7 F.3d 71, 75 (5th Cir. 1993)).

18. Texas courts similarly recognize the need for leniency toward pro se litigants and the necessity of ensuring they have fair access to the courts and the discovery process (Macias v. State, 539 S.W.3d 410, 417 (Tex. App.— Houston [1st Dist.] 2017)).

**7. Countering Potential Resistance**

19. The courts have consistently held that discovery should not be impeded by technicalities or unwarranted objections, as stated in Hickman v. Taylor, 329 U.S. 495 (1947), which underscores the need for transparency and thorough fact-finding in the litigation process.

**8. Conclusion**

20. For the reasons stated above, Plaintiff respectfully requests that this Court grant this Motion and compel Defendant Adam M. Aron to immediately produce all requested communications from February 2023 through September 2023.

Respectfully submitted,

July 1, 2024

Signed by: _____

Nelson Willis
Pro Se Litigant

---

**CERTIFICATE OF SERVICE**

Case No.: 04:23-CV-732-ALM

July 1, 2024

---

I, Nelson Willis, Plaintiff Pro Se, hereby certify that a true and correct copy of the foregoing:

Re: Civil Action No. 4:23-cv-00732-ALM ***Plaintiff's EMERGENCY MOTION TO COMPEL IMMEDIATE PRODUCTION OF EMAILS, TEXT MESSAGES, AND OTHER COMMUNICATIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)***

Notification has been sent by the court's electronic filing system to each attorney/party of record on this day July 1, 2024, by filing with the Clerk of the Court.

Richard A. Illmer
State Bar No. 10388350
Rick.Illmer@HuschBlackwell.com

Meghann Reeves
State Bar No. 24094499
Meghann.Reeves@HuschBlackwell.com

July 1, 2024

Signed by,

Nelson Willis
Pro Se Litigant