IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

NELSON WILLIS,

Plaintiff,

vs.

ADAM M. ARON,

Defendant.

Case No.: 4:23-CV-732-ALM

JULY 16, 2024

**FILED**
JUL 1 6 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

THE HONORABLE DISTRICT JUDGE AMOS LOUIS MAZZANT, III

PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE (68) TO PLAINTIFF'S EMERGENCY MOTION (57) TO COMPEL IMMEDIATE PRODUCTION OF EMAILS, TEXT MESSAGES, AND OTHER COMMUNICATIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)

Your Honor,

Plaintiff humbly and respectfully submits the following,

I. Introduction

Plaintiff Nelson Willis submits this response to Defendant Adam M. Aron's opposition to Plaintiff's Emergency Motion to Compel Immediate Production of Emails, Text Messages, and Other Communications [Dkt. 57].

II. Argument

1. Necessity of Immediate Production

• The Plaintiff has provided substantial evidence demonstrating the need for immediate production of the requested communications due to the ongoing and deliberate fraudulent activities conducted by the Defendant and his Board of Directors. The nature and urgency of the evidence justify the immediate intervention of this Court.

2. Federal Rule of Civil Procedure 37(a)

• Under FRCP 37(a), a party is entitled to move for an order compelling discovery if the opposing party fails to provide information or materials requested during the discovery process. Given the serious allegations and the compelling evidence provided, the Plaintiff's motion is both appropriate and necessary.

3. Relevance to Original Complaint

• The Defendant's assertion that the Plaintiff is going out of the scope of the lawsuit is unfounded. The original complaint comprehensively covers Project Popcorn 1.0, the theft of shares, the rigged shareholder vote, and related fraudulent activities. The requested communications are directly relevant to these allegations and are essential for establishing the full extent of the Defendant's actions.

4. Exception to Usual Discovery Processes

• Given the unique and extraordinary nature of the allegations, the Plaintiff requests an exception to the usual discovery processes. The Plaintiff has not engaged in direct discovery requests from the Defendant due to the severe and urgent circumstances, and the Defendant's established pattern of fraudulent behavior necessitates immediate Court intervention.

5. Evidence of Defendant's Direct Involvement

• The Defendant's email response to the Plaintiff on April 3, 2023, at 3 AM, from his CEO Adam account at AMC Entertainment Holdings Inc., directly implicates him in the matters at hand. This demonstrates the Defendant's personal involvement and further substantiates the need for the immediate production of all relevant communications.

6. Premature Claims by the Defense

• The Defendant's claim that the Plaintiff's motion is premature is unfounded. The Defendant's continuous obstructive behavior and refusal to address the allegations substantively have left the Plaintiff with no other recourse but to seek emergency relief from this Court. The Plaintiff has demonstrated a consistent pattern of seeking the Court's intervention due to the significant and immediate risks posed by the Defendant's actions.

7. Defendant's Presumed Special Relationship with the Bench

• The Defendant appears to assume a special relationship with the bench, expecting preferential treatment due to his position. This assumption is evident in his objections to the Plaintiff's motions.

However, justice demands that all parties be treated equally, and the Defendant's status should not shield him from accountability.

8. Preemptive Strike Against Potential Rebuttals

• Any additional objections from the Defendant should be viewed through the lens of his ongoing attempts to evade scrutiny and accountability. The Defendant's consistent pattern of obstruction and delay tactics only serve to underscore the necessity of granting the Plaintiff's emergency motion.

III. Conclusion

For the reasons stated above, Plaintiff respectfully requests that the Court grant the Emergency Motion to Compel Immediate Production of Emails, Text Messages, and Other Communications.

IV. Prayer for Relief

Plaintiff prays for the following relief:

1. Immediate production and verification of all communications between AMC's CEO and the Board of Directors relevant to the allegations.

2. Compliance with the specified discovery requests as outlined in the Motion to Compel [Dkt. 57].

3. Any further relief the Court deems just and proper.

Dated: July 16, 2024

Respectfully submitted,

_____

Nelson Willis

Pro Se Litigant

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system.

July 16, 2024

*[signature]*

Nelson Willis

Pro Se Litigant