IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NELSON WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-732-ALM-KPJ |
| | § | |
| ADAM M. ARON, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Plaintiff Nelson Willis's ("Plaintiff") Objection to Report and Recommendation (39) and Motion to Remove Magistrate Judge (the "Motion for Recusal") (Dkt. 41).[1] Upon consideration, the Motion for Recusal (Dkt. 41) is **DENIED**.

### I.   BACKGROUND

On June 5, 2024, the Court entered a Report and Recommendation (the "Report") (Dkt. 39) recommending that the following motions be denied:

- Plaintiff's Motion for Emergency Halt and Cease-and-Desist Request Pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "First Motion for Injunction") (Dkt. 35);

- Plaintiff's Motion for Temporary Restraining Order (the "Second Motion for Injunction") (Dkt. 37); and

- Plaintiff's Emergency Motion to Establish Status Quo Regarding AMC Shareholder Meeting (the "Third Motion for Injunction") (Dkt. 38) (collectively, the "Motions for Injunction") (Dkts. 35; 37–38).

---

[1] Plaintiff filed the document titled "Objection to Report and Recommendation (39) and Motion to Remove Magistrate Judge" containing his arguments for both his objections to the Report and Recommendation (Dkt. 39) and his request to remove the undersigned from this case. *See* Dkts. 40–41. This document has been docketed twice, first as Plaintiff's objections to the Report and Recommendation and second as Plaintiff's request to remove the undersigned from the case. *See id.* This Memorandum Opinion and Order considers only Plaintiff's request to remove the undersigned from the case. Plaintiff's objections to the Report and Recommendation (Dkt. 39) were considered by the District Judge before he entered the Memorandum Adopting the Report and Recommendation (Dkt. 71).

1

On June 6, 2024, Plaintiff filed the Motion for Recusal (Dkt. 41), wherein "Plaintiff requests the immediate removal of Magistrate Judge Kimberly C. Priest Johnson from this case." Dkt. 41 at 3. Plaintiff states that his request is based upon the undersigned's "misrepresentation of critical facts" and "procedural irregularities." *Id.* at 1, 5. Plaintiff argues that the dismissal of the previous case in the 235th District Court of Texas "was not voluntary but a strategic move to avoid compliance with . . . subpoenas and legal scrutiny" and that the undersigned misrepresented this fact by stating that the dismissal was voluntary. *Id.* at 3. Plaintiff further argues that the Report (Dkt. 39), which recommended that his requests to enjoin an AMC shareholder meeting scheduled for June 5, 2024 be denied, was issued on the day of the shareholder meeting, thereby "denying [him] a fair opportunity to respond." *Id.*

## II.  LEGAL STANDARD

The Code of Judicial Conduct says a "judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. . . ." Code of Judicial Conduct, Canon 2.11. Congress codified almost identical language in 28 U.S.C. § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of Section 455(a) is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988) (citation omitted). In considering a party's request for recusal, the Fifth Circuit has cautioned that the judge "must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 n.18 (5th Cir. 1980) (citation omitted); *see also Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) ("[T]he statute is not intended to

give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." (citation omitted)).

"The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse." *Ayati-Ghaffari v. Dimon*, No. 19-cv-533, 2019 WL 5875906, at *1 (E.D. Tex. Aug. 7, 2019) (citing *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012)). The standard under 28 U.S.C. § 455(a) is objective: "Would the allegedly disqualifying factor cause a *reasonable* person to question the *judge's* impartiality?" *Thurmond v. Compaq Comput. Corp.*, No. 99-cv-711, 2000 WL 33795081, at *2 (E.D. Tex. Feb. 28, 2000) (first citing *Liteky v. United States*, 510 U.S. 540, 548 (1994); then citing *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224–26 (5th Cir. 1988); and then citing *Hall v. Small Bus. Admin.*, 695 F.2d 175, 179 (5th Cir. 1983)).

### III. ANALYSIS

The Court finds Plaintiff's arguments for recusal are without merit. Plaintiff filed the Motion for Recusal (Dkt. 41) in direct response to the undersigned's adverse recommendation in the Report (Dkt. 39) and has based his allegations of bias and prejudice upon the findings made therein. Regarding Plaintiff's two arguments for recusal: first, the Court has made no "misrepresentation of critical facts." Plaintiff contends that the Court misrepresented the dismissal status of the previous case in the Report (Dkt. 39), *see* Dkt. 41 at 3; however, the Court simply recited Defendant's representation that the previous case was "voluntarily dismissed" and drew no conclusions of fact related to the disposition of the previous case in the Report (Dkt. 39), *see* Dkt. 39 at 3.

Second, the timing of the Report (Dkt. 39) did not result in prejudice to Plaintiff. The Court recommended dismissal of the Motions for Injunction (Dkts. 35; 37–38) on the basis that the relief requested by Plaintiff was "wholly outside the issues in this suit," involving "entirely different

incidents and actors than the causes of action alleged in the Complaint (Dkt. 1)." Dkt. 39 at 6–7. There is no response that Plaintiff could have presented that would have brought his request within the power of the Court to enter an injunction based upon his causes of action. Further, the District Judge has entered the Memorandum Adopting the Report and Recommendation (Dkt. 71), agreeing with the conclusions of the undersigned in the Report (Dkt. 39). Dkt. 71.

Accordingly, Plaintiff's mere disagreement with rulings made on the Motions for Injunction (Dkts. 35, 37–38) are not sufficient to show bias or prejudice justifying recusal. *See Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966))); *In re Corrugated Container Antitrust Litig.*, 614 F.2d at 966 n.18 (holding that to the extent the defendants' recusal motion was based on the substance of the judge's rulings, the defendants were "seeking to avoid the consequences of (an) expected adverse decision"). Further, Plaintiff does not offer an "extrajudicial source" that caused any alleged bias in the Report (Dkt. 39). *See Balistreri-Amrhein v. Verrilli*, No. 16-cv-112, 2017 WL 3895982, at *3 (E.D. Tex. Sept. 6, 2017) ("The U.S. Supreme Court has noted that, generally, a movant must point to an 'extrajudicial' source of bias in order to obtain recusal." (citing *Liteky*, 510 U.S. at 544–45)). Thus, the Court finds that recusal is not warranted. *See id.* (finding the court's previous ruling in the case provided no basis for recusal); *Morrison v. Walker*, No. 13-cv-327, 2016 WL 7637671, at *3 (E.D. Tex. July 20, 2016) (finding recusal was not warranted because the court's ruling itself was not evidence of impermissible bias against the plaintiff).

## IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Recusal (Dkt. 41) is **DENIED**.

4

**So ORDERED and SIGNED this 18th day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE