## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

Nelson Willis,
Plaintiff,

v.

Adam M. Aron,
Defendant.

Case No.: 4:23-CV-732-ALM



**FILED**

JUL **2 2** 2024

Clerk, U.S. District Court
Texas Eastern

## PLAINTIFF'S MOTION TO REMOVE DISTRICT JUDGE

### I. INTRODUCTION

Plaintiff Nelson Willis respectfully submits this motion to remove District Judge Amos L. Mazzant, III from this case due to demonstrated bias, procedural irregularities, and failure to address critical motions that have significantly prejudiced Plaintiff's ability to receive a fair and timely resolution of his claims. This motion is filed pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.

### II. BACKGROUND

Plaintiff filed multiple emergency motions (Dkt. #35, Dkt. #37, Dkt. #38) which were recommended for denial by Magistrate Judge Kimberly C. Priest Johnson in the Report and Recommendation (Dkt. #39). Plaintiff timely objected to the Report (Dkt. #40), and subsequently filed a Motion for Recusal (Dkt. #41) of the Magistrate Judge due to misrepresentation of critical facts and procedural irregularities. Defendant responded to the objections (Dkt. #48), and Plaintiff replied (Dkt. #50). The District Judge adopted the Magistrate Judge's Report and Recommendation in Memorandum (Dkt. #71), and on July 18, 2024, the Magistrate Judge issued a Memorandum Opinion and Order (Dkt. #72) denying Plaintiff's Motion for Recusal.

### III. LEGAL STANDARD

Under 28 U.S.C. § 144, a party seeking recusal of a judge must file a timely and sufficient affidavit stating the facts and reasons for the belief that bias or prejudice exists. Under 28 U.S.C. § 455(a), any justice, judge, or magistrate judge must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned.

## IV. GROUNDS FOR REMOVAL

### A. Demonstrated Bias and Prejudice

1. Bias in Favor of Defendant: The District Judge has shown a clear bias in favor of the Defendant by adopting the Magistrate Judge's Report and Recommendation (Dkt. #39) without addressing the substantial evidence of immediate and irreparable harm presented by Plaintiff. This bias is further evidenced by the District Judge's Memorandum (Dkt. #71), which fails to consider the critical context of the emergency motions filed by Plaintiff. Citation: Liteky v. United States, 510 U.S. 540, 555 (1994) (noting that judicial rulings and behavior that reveal a high degree of favoritism or antagonism can be grounds for recusal).

### B. Procedural Irregularities

1. Improper Handling of Recusal Motion: The Magistrate Judge improperly ruled on her own motion for recusal, violating judicial conduct standards and demonstrating a disregard for proper judicial procedure and impartiality. The District Judge's failure to address this procedural irregularity further undermines the integrity of the judicial process. Citation: 28 U.S.C. § 455(a) (requiring any justice, judge, or magistrate judge to disqualify themselves in any proceeding in which their impartiality might reasonably be questioned).
2. Delay in Rulings: The significant delays in ruling on Plaintiff's emergency motions and objections have allowed the Defendants to continue their harmful actions unchecked. This delay constitutes official oppression and has exacerbated the harm to Plaintiff and other shareholders. Citation: Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985) (highlighting the importance of timely judicial processes to protect individual rights).

### C. Failure to Address Critical Motions

1. Failure to Address Motion for Recusal: The District Judge failed to address the motion for recusal of the Magistrate Judge (Dkt. #41) in a timely and appropriate manner, demonstrating a disregard for judicial conduct standards and Plaintiff's right to a fair and impartial tribunal.
2. Failure to Consider Evidence: The District Judge's adoption of the Magistrate Judge's Report and Recommendation (Dkt. #71) and the subsequent Memorandum Opinion and Order (Dkt. #72) both fail to consider the substantial evidence of immediate and irreparable harm detailed in Plaintiff's emergency motions (Dkts. #35, #37, #38) and the ongoing SEC investigation into AMC. Citation: Goldberg v. Kelly, 397 U.S. 254, 271 (1970) (emphasizing the necessity of judicial action in response to significant evidence to protect due process rights).

### D. Legal Errors

1. Breach of Fiduciary Duty: The Magistrate Judge's Report (Dkt. #39) did not adequately address the breach of fiduciary duty claims against Defendant Aron and the AMC Board of Directors. The actions taken by the Defendants were not in the best interests of the shareholders and constituted a clear breach of their fiduciary duties. Citation: Guth v. Loft, Inc., 5 A.2d 503, 510 (Del. 1939) (establishing that corporate officers

and directors owe a fiduciary duty to act in the best interest of shareholders).
2. Securities Fraud and Fraudulent Conveyance: The Report (Dkt. #39) and the District
Judge's Memorandum (Dkt. #71) did not properly consider the allegations of securities
fraud and fraudulent conveyance of APE units to Antara Capital. These actions were
designed to manipulate shareholder votes and devalue common shares, constituting fraud
under both federal and state law.
Citation: Ernst & Ernst v. Hochfelder, 425 U.S. 185, 199 (1976) (defining securities fraud
under Rule 10b-5 and the Securities Exchange Act of 1934).

### E. Strategic Non-Suit to Avoid Accountability

1. Timing of Subpoenas and Non-Suit: After Plaintiff successfully procured subpoenas
through the court in Texas and subsequently through the district court in Kansas, these
subpoenas were served on July 31, 2023, at 8:30 AM. The Defendant non-suited the case at
5 PM that same day. This was a deliberate attempt to avoid exposure and accountability,
particularly in light of Defendant's history of over 20 lawsuits since 2016, none of which
have proceeded to depositions or trial as they have all been settled out of court.
This strategic non-suit to avoid facing subpoenas and depositions demonstrates a pattern of
evasion and manipulation of the judicial process, which the District Judge failed to address
appropriately.
Citation: Heck v. Humphrey, 512 U.S. 477, 486 (1994) (recognizing the misuse of procedural
tactics to avoid accountability in litigation).

### V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully DEMANDS the immediate removal of
District Judge Amos L. Mazzant, III from this case due to demonstrated bias, procedural
irregularities, and failure to address critical motions. Plaintiff also requests that the Court
grant Plaintiff's Motions for Emergency Halt and Cease-and-Desist Request (Dkt. #35),
Motion for Temporary Restraining Order (Dkt. #37), and Emergency Motion to Establish
Status Quo Regarding AMC Shareholder Meeting (Dkt. #38).

I hereby certify that on July 22, 2024, a true and correct copy of the foregoing document was
served upon all counsel of record via the Court's electronic filing system.

Respectfully submitted,

_____

Nelson Willis
Pro Se Litigant
Future Supreme Court Appellate

I hereby certify that on July 22, 2024, a true and correct copy of the foregoing document was
served upon all counsel of record via the Court's electronic filing system.

Respectfully submitted,

Nelson Willis
Pro Se Litigant
Future Supreme Court Appellate