UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS



FILED

JUL 2 3 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

Nelson Willis,

Plaintiff,

v.

Adam M. Aron,

Defendant.

Case No.: 4:23-CV-732-ALM-KPJ

**PLAINTIFF'S EMERGENCY MOTION FOR HALT, CEASE AND DESIST, AND ESTABLISH AND MAINTAIN THE STATUS QUO**

**I. INTRODUCTION**

1. Plaintiff Nelson Willis respectfully submits this Emergency Motion for Halt, Cease and Desist, and Establish and Maintain the Status Quo to immediately prevent the AMC Board of Directors and CEO Adam M. Aron from further altering the corporate structure or engaging in financial activities that could further harm shareholders and unjustly enrich insiders, including AMC's lenders and Wall Street institutions, at the expense of retail investors. This motion is filed pursuant to Federal Rules of Civil Procedure 65, Texas Business Organizations Code § 21.563, and Delaware General Corporation Law § 225.

2. The actions of AMC Entertainment Holdings, Inc., as demonstrated by their recent financial maneuvers, clearly indicate a scheme designed to benefit insiders, including AMC's lenders and Wall Street institutions, while severely disadvantaging the

company's shareholders. The failure of the court to grant Plaintiff's prior emergency motions, which sought to halt the June 5, 2024 shareholder meeting and vote, directly facilitated this latest exploitative act by the Defendants.

## II. ARGUMENT

### A. Immediate Halt and Cease and Desist

3. Given the recent actions taken by AMC Entertainment Holdings, Inc., it is imperative that an immediate halt and cease and desist order be issued. The refinancing transaction announced on July 22, 2024, represents a deliberate attempt to further enrich insiders, including AMC's lenders and Wall Street institutions, while saddling shareholders with exorbitant interest payments. This is evident from the press release and social media posts by CEO Adam Aron, which celebrate the extension of debt maturities and purported financial flexibility gained, all while ignoring the detrimental impact on shareholders.

#### 1. Legal Precedent and Statutory Authority

4. Texas Business Organizations Code § 21.563 and Delaware General Corporation Law § 225 provide the legal basis for halting corporate actions that are prejudicial to shareholder interests. Furthermore, the court in Unocal Corp. v. Mesa Petroleum Co., 493 A.2d 946 (Del. 1985), established that corporate directors must demonstrate good faith and fair dealing in their fiduciary duties to shareholders. The actions of AMC's board clearly violate these principles by prioritizing insider and debt holder benefits over those of retail shareholders.

### B. Establish and Maintain the Status Quo

5. Plaintiff requests that the Court establish and maintain the status quo from June 5, 2024, until the Court lifts the status quo. This measure is necessary to prevent further actions by the AMC Board of Directors that could alter the corporate structure, financial position, or shareholder value without proper judicial oversight. The need for this is underscored by the recent refinancing announcement, which was facilitated by the denial of Plaintiff's previous emergency motions. By failing to grant these motions, the Court inadvertently allowed the Defendants to proceed with their scheme, causing irreparable harm to shareholders.

6. Plaintiff further requests the immediate termination of the agreement to extend debt maturities. The conditions of AMC's corporate certificate must revert back to those in place on June 5, 2024, prior to the magistrate judge's denial of Plaintiff's motions. Additionally, the magistrate judge's erroneous decision to declare the lower court case as voluntarily dismissed, a complete misrepresentation of the facts, must be rectified.

### III. REQUEST FOR FEDERAL BENCH WARRANTS

7. Plaintiff requests that the Court issue federal bench warrants for the immediate arrest of CEO Adam M. Aron and the AMC Board of Directors. Their ongoing actions to alter the corporate structure and financial position of AMC Entertainment Holdings, Inc. in a manner that disproportionately benefits insiders, including AMC's lenders and Wall Street institutions, at the expense of shareholders constitute a clear and present danger to the interests of retail investors. The Court's intervention is imperative to prevent further harm and ensure accountability.

### IV. CEO's Track Record and Shareholder Impact

8. The CEO, Adam M. Aron, has created nearly $10 billion in debt since his tenure began. Despite this, AMC Entertainment Holdings, Inc. has never recorded a profitable year under his leadership. Over the past 2.5 years, Mr. Aron has personally made approximately $300 million, while his sons have amassed another $30 million. Meanwhile, the company's shareholders have seen approximately $23 billion in value evaporate.

### V. EXHIBITS

9. Exhibit A: Filing with the SEC by AMC Entertainment Holdings, Inc.
10. Exhibit X: Confidential email discussing the elements of Project Popcorn from November 2021.
11. Exhibit B: Analysis of AMC's Financial Maneuvers and Their Impact on Class A Shareholders.

### VI. CONCLUSION

12. For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's Emergency Motion for Halt, Cease and Desist, and Establish and Maintain the Status Quo, issue federal bench warrants for the arrest of CEO Adam M. Aron and the AMC Board of Directors, and take all necessary actions to protect the interests of AMC shareholders.

### CERTIFICATE OF SERVICE

13. I hereby certify that on July 23, 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system.

Respectfully submitted,
July 23, 2024

Nelson Willis
Pro Se Litigant
Future Supreme Court Appellate