IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NELSON WILLIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:23-cv-732-ALM-KPJ |
| ADAM M. ARON, | § § § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Adam M. Aron's ("Defendant") Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support (the "Motion to Dismiss") (Dkt. 10), to which Plaintiff Nelson Willis ("Plaintiff") filed a response (Dkt. 32) and Defendant filed a reply (Dkt. 33). For the reasons that follow, the Court recommends the Motion to Dismiss (Dkt. 10) be **GRANTED**.

### I.   BACKGROUND

**A.   Procedural History**

On August 14, 2023, Plaintiff, proceeding *pro se*, filed a complaint (the "Complaint") (Dkt. 1) against Defendant. Dkt. 1 at 1. In the Complaint (Dkt. 1), Plaintiff asserts causes of action for malicious prosecution, abuse of process, and intentional infliction of emotional distress against Defendant, the Chief Executive Officer ("CEO") of AMC Entertainment Holdings, Inc. ("AMC"), regarding a suit for protective order filed by Defendant in the 235th Judicial District Court of Cooke County. *See* Dkt. 1 at 3–4, 26–28.

On November 30, 2023, Defendant filed the Motion to Dismiss (Dkt. 10), requesting that "the Court dismiss this case because the Plaintiff's Complaint fails to state a claim upon which

1

relief can be granted." Dkt. 10 at 1. On December 8, 2023, Defendant filed a Motion for Protective Order Against Plaintiff Nelson Willis (the "Motion for Protective Order") (Dkt. 12), wherein Defendant seeks "a Protective Order pursuant to Art. 7B.003 of the Texas Code of Criminal Procedure to prohibit [Plaintiff] from engaging in conduct that constitutes criminal stalking for the duration of [Plaintiff's] life." Dkt. 12 at 1. After four extensions of time granted by the Court, Plaintiff filed his response to the Motion to Dismiss (Dkt. 10) and Motion for Protective Order (Dkt. 12) on April 15, 2024. *See* Dkts. 16; 20; 25; 30; 32.

**B.     The Complaint**

Plaintiff alleges that he became a shareholder of AMC in 2021 through the purchase of common shares in AMC. Dkt. 1 at 5. Plaintiff alleges that he was hospitalized in March 2023 at the time of an AMC shareholder meeting and, thus, attempted to vote by proxy against a proposal for a reverse stock split and merger. *Id.* at 16–17. Plaintiff alleges that he did not receive a proxy voting statement and that his vote was "incomplete." *Id.* at 17. Plaintiff alleges that he was frustrated when he learned that the proposal was approved. *Id.* Plaintiff alleges that he expressed this frustration by sending emails to the AMC investor relations email. *Id.* Plaintiff alleges that when he did not receive a response to those emails, his "patience ran thin" and he "sent an angry email to Defendant." *Id.* at 17–18. Plaintiff alleges that Defendant did not respond to that email so he "sent some angrier emails and then finally . . . Defendant . . . replied." *Id.* at 18. Plaintiff alleges that in the reply, Defendant did not respond to his concerns regarding the failure to count his proxy vote and instead said, "I hope your parents are alive to see your hateful emails." *Id.* Plaintiff alleges that he "was not happy about that" and "responded angrily." *Id.*

Plaintiff alleges that on May 19, 2023, Defendant filed a petition for a protective order in the 235th Judicial District Court of Cooke County. *Id.* at 19. Plaintiff alleges that Defendant's state

2

court petition included allegations that Plaintiff "repeatedly [sent] harassing, threatening, and offensive emails to Defendant" and that "[m]any of the emails contain hateful speech qualifying as ethnic slurs to and about Defendant." *Id.* at 20. Plaintiff alleges that Defendant "abused the judicial process when he filed a baseless petition for a protective order against Plaintiff" because the action was initiated "in order to silence Plaintiff . . . from reporting fraud, disseminating and exposing Defendant['s] . . . role in the pernicious financial engineering scheme that was perpetrated against AMC . . . shareholders and Defendant['s] . . . abject failure to rectify the AMC proxy voting issues to the U.S. Securities and Exchange Commission ("SEC")." *Id.* at 4.

Plaintiff alleges that the state court held a protective order hearing on July 21, 2023, at which Defendant did not appear. *Id.* at 20–21. Plaintiff alleges that the hearing was rescheduled due to Defendant's failure to appear. *Id.* at 21. Plaintiff alleges that on July 28, 2023, he filed an application for subpoena ordering John Merriwether ("Mr. Merriwether") to appear and testify at the rescheduled hearing. *Id.* Plaintiff alleges that the subpoena was served on Mr. Merriwether on July 31, 2023, between 8:30 am and 9:30 am. *Id.* Plaintiff alleges that Defendant's "culpable state of mind" was exposed when Defendant filed a motion to nonsuit the request for a protective order after Plaintiff served the subpoena on Mr. Merriwether. *Id.* at 4. Plaintiff alleges the notice of nonsuit without prejudice was filed on July 31, 2023, at approximately 5:58 pm. *Id.* at 22.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex.

2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III. ANALYSIS

**A.  The Motion to Dismiss (Dkt. 10)**

**1.  Malicious Prosecution**

Plaintiff fails to state a claim for malicious prosecution under Texas state law. "To prevail in a suit alleging malicious prosecution of a civil claim, the plaintiff must establish: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages."

*Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996) (citing *James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982)).

Here, Plaintiff alleges that Defendant "initiated, continued, and caused the initiation and continuation of an application for a baseless protective order against [him], pursuant to Article 7B of the Texas Code of Criminal Procedures." Dkt. 1 at 26. Plaintiff further contends that the nonsuit of the proceedings by Defendant was a termination in Plaintiff's favor. *Id.* at 22, 26. Defendant argues that a nonsuit without prejudice does not constitute a termination in Plaintiff's favor, and thus, Plaintiff cannot meet the fifth element required for his malicious prosecution claim. Dkt. 10 at 4. The Court agrees with Defendant.

"To satisfy the termination element, the plaintiff must show the initial civil proceeding resulted in a final judgment and that all appeals were exhausted." *Republic Techs. (NA), LLC v. Gross*, No. 20-cv-390, 2022 WL 18232137, at *11 (E.D. Tex. Dec. 8, 2022) (citing *Tex. Beef*, 921 S.W.2d at 208), *R. & R. adopted*, 2023 WL 160221 (E.D. Tex. Jan. 11, 2023). Here, Defendant filed a notice of nonsuit, which is allowed pursuant to Texas Rule of Civil Procedure 162 "at any time before introducing all of [his] evidence other than rebuttal evidence." *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). "Moreover, a plaintiff's right to take a non-suit is unqualified and absolute so long as a defendant has not made a claim for affirmative relief." *KT Bolt Mfg. Co. v. Tex. Elec. Coops., Inc.*, 837 S.W.2d 273, 275 (Tex. App.—Beaumont 1992, writ denied) (citing *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838 (Tex. 1990)). "A dismissal is in no way an adjudication of the rights of the parties; it merely places them in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Id.* (first citing *Crofts v. Ct. of Civ. Appeals*, 362 S.W.2d 101, 104 (Tex. 1962); and then citing *In re S.B.C.*, 805 S.W.2d 1 (Tex. App.—Tyler 1991, writ denied)). "The taking of a voluntary non-suit does not

5

constitute a litigation of the issues in a case, and does not prejudice the parties against seeking the same relief in a subsequent suit." *Id.* (citing *Ashpole v. Millard*, 778 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1989, no writ.)). Thus, the voluntary nonsuit by Defendant was not a termination in favor of Plaintiff.

Plaintiff argues that the petition for a protective order was initiated pursuant to Texas Code of Criminal Procedure article 7B and thus, the voluntary dismissal of the case should be treated as it would be in a criminal case—"a de facto admission . . . that the accused person is not guilty." Dkt. 32 at 9. However, even though the protective order was sought pursuant to the Texas Code of Criminal Procedure, "protective-order proceedings are civil proceedings; they are not criminal or quasi-criminal proceedings." *Bevers v. Mabry*, No. 05-22-713-cv, 2024 WL 469550, at *6 (Tex. App.—Dallas Feb. 7, 2024, pet. filed) (mem op.) (first citing *Mahmoud v. Jackson*, No. 05-21-302-cv, 2022 WL 2167683, at *4 (Tex. App.—Dallas June 16, 2022, no pet.) (mem. op.); and then citing *Thoutam v. Paramkusam*, No. 05-22-161-cv, 2023 WL 4758462, at *5 (Tex. App.—Dallas July 26, 2023, no pet.)). Consequently, Plaintiff's contention is incorrect, and Defendant's voluntary dismissal of the protective order should be treated as it would in any other civil case—as a neutral termination of the case.

Plaintiff also cites *Epps*, 351 S.W.3d 862, cited above, in support of his contention that the nonsuit was "dishonest" and thus, should be construed as a termination in favor of Plaintiff. Dkt. 32 at 10–11. In *Epps*, the Texas Supreme Court was faced with the question of whether a defendant is a prevailing party with respect to contractual language entitling a prevailing party to attorney fees when the plaintiff voluntarily nonsuits without prejudice. *Epps*, 351 S.W.3d at 868–71. The *Epps* Court held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to

6

avoid an unfavorable ruling on the merits." *Id.* at 870. Here, Plaintiff has not identified that there was such a motion and ruling in the Texas state trial court. *See* Dkts. 1; 32. Indeed, the Court takes judicial notice of the proceedings in the 235th Judicial District Court for Cooke County and finds that Plaintiff did not file such a motion and thus, the Cooke County court never made a ruling on this issue.[1] *See* Dkt. 10-1 at 1–2. Because there was no determination by the Texas court regarding Defendant's motive in dismissing the case, the Court will not construe the nonsuit as a termination in favor of Plaintiff.

Because the underlying case ended in a nonsuit, Plaintiff cannot plausibly satisfy the fifth required element of his malicious prosecution claim. Accordingly, the Court recommends Plaintiff's malicious prosecution claim be dismissed for failure to state a claim.

### 2. Abuse of Process

Plaintiff fails to state a claim for abuse of process under Texas state law. "To establish a claim for abuse of process under Texas state law, the plaintiff must show '(1) the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act.'" *Shaikh v. Allen City Council*, No. 21-cv-953, 2023 WL 2518908, at *17 (E.D. Tex. Feb. 8, 2023) (quoting *Hammervold v. Blank*, 3 F.4th 803, 812 (5th Cir. 2021)), *R. & R. adopted*, 2023 WL 2503542 (E.D. Tex. Mar. 13, 2023).

---

[1] "The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6)." *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, No. 15-cv-766, 2016 WL 4272412, at *2 (E.D. Tex. Aug. 15, 2016) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996)). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Id.* (quoting *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 993 (S.D. Tex. 2011)).

Plaintiff alleges that Defendant "abused the judicial process when he filed a baseless petition for a protective order." Dkt. 1 at 27. Plaintiff further contends that Defendant "procure[d] a temporary ex parte protective order against [him] that lasted for 46 days." *Id.* Defendant argues that (1) the temporary protective order was never entered in the state court proceedings and (2) Plaintiff cannot maintain his abuse of process claim because his allegations relate to the procurement of process rather than the post-issuance abuse of process. Dkt. 10 at 6–7. The Court agrees with Defendant.

First, Plaintiff alleges in the Complaint (Dkt. 1) that a temporary restraining order was entered against him and persisted for forty-six days. Dkt. 1 at 27. Defendant asserts that this is incorrect, and the temporary protective order was never entered by the Texas state trial court, as shown by the state court docket. Dkt. 10 at 7. The Court has taken judicial notice of the underlying proceedings and finds that a temporary protective order was never entered. *See supra* Section III.A.1; Dkt. 10-1 at 1–2. Thus, no protective order was entered against Plaintiff.

Second, because there was no protective order entered, Plaintiff's abuse of process claim is based solely on the filing of the suit. "[M]erely filing suit is not sufficient to maintain an abuse of process claim" because "[a] claim for abuse of process requires a perversion of the process" after it is issued. *RRR Farms, Ltd. v. Am. Horse Prot. Ass'n, Inc.*, 957 S.W.2d 121, 134 (Tex. App.—Houston [14th Dist.] 1997, no writ) (citing *Blackstock v. Tatum*, 396 S.W.2d 463, 467 (Tex. App.—Houston 1965, no writ)). "Where the only process issued is a citation, and no allegations are made that there was any abuse in the execution or service of this process, no cause of action for abuse of process is stated." *Detenbeck v. Koester*, 886 S.W.2d 477, 481 (Tex. App.—Houston [1st Dist.] 1994, writ dismissed) (citing *Morris v. Blangger*, 423 S.W.2d 133, 134 (Tex. App.—Austin 1968, writ ref'd n.r.e.)). Here, Plaintiff merely alleges that Defendant abused process by

8

filing the petition for a protective order. Dkt. 1 at 26–28. The only process used in this case was the citation, and Plaintiff has made no allegations that the citation was not used for its intended purpose—to compel him to answer the lawsuit. Plaintiff's allegations of abuse concern the protective order, which was never issued. *See id.* Accordingly, Plaintiff's allegations amount to no more than Defendant had malicious intent in commencing the suit for a protective order, which is insufficient to maintain an abuse of process cause of action. *See Cantu v. Guerra*, No. 20-cv-746, 2021 WL 2652933, at *19 (W.D. Tex. June 28, 2021) (dismissing the abuse of process claim because the plaintiff "merely allege[d] that the [defendants] abused process by commencing this case against her").

Because the protective order was never issued, Defendant could not have abused this process post-issuance, which is the first essential element of an abuse of process claim. Thus, Plaintiff cannot plausibly state a claim for abuse of process and this claim should be dismissed for failure to state a claim.

### 3. Intentional Infliction of Emotional Distress

Plaintiff fails to state a claim for intentional infliction of emotional distress. "The elements of intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress that the plaintiff suffered was severe." *Brewerton v. Dalrymple*, 997 S.W.2d 212, 215 (Tex. 1999) (citation omitted). "[I]ntentional infliction of emotional distress is not available as an independent cause of action [in Texas] unless the actor intends to cause severe emotional distress or severe emotional distress is the primary risk created by the actor's reckless conduct." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 63 (Tex. 1998). "Intentional infliction of emotional distress is a gap-filler tort, judicially

created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Oberc v. Fairlane Cap. Inc.*, No. 13-cv-1010, 2015 WL 4099852, at *6 (N.D. Tex. July 2, 2015) (cleaned up) (quoting *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)). A plaintiff must show that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Hoffmann-La Roche Inc.*, 144 S.W.3d at 447) (internal quotation marks omitted).

Here, Plaintiff alleges that Defendant's "conduct, in making a baseless application for a protective order . . . was careless and negligent as to the emotional health of Plaintiff . . . and caused him severe emotional distress." Dkt. 1 at 28. Defendant argues that "Plaintiff only alleges that the conduct at issue was 'careless and negligent'" and "[t]here are no factual allegations in [the] Complaint indicating that [Defendant's] alleged conduct was extreme and/or outrageous." Dkt. 10 at 8. Thus, Defendant argues that "Plaintiff fail[s] to plausibly state a proper claim for intentional infliction of emotional distress." *Id.* at 9. The Court agrees with Defendant.

Plaintiff's allegations of carelessness and negligence rise only to the level of a cause of action for negligent infliction of emotional distress, which is not a cause of action in Texas. *See Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993) ("[T]here is no general duty in Texas not to negligently inflict emotional distress."). Plaintiff also has not alleged any facts that indicate that Defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *See Oberc*, 2015 WL 4099852, at *6. Indeed, the facts as alleged by Plaintiff indicate that Plaintiff did send multiple "angry" emails to Defendant that were the basis of Defendant's suit for a protective order. *See* Dkt. 1 at 18 (Plaintiff alleges he "sent an angry

10

email to Defendant" and when that email went without a response, he "sent some angrier emails." Plaintiff also alleges that after receiving a response he "was not happy about," he "responded angrily."). Accordingly, Plaintiff has not alleged the first two required elements—(1) Defendant acted intentionally or recklessly, and (2) Defendant's conduct was extreme and outrageous—of his intentional infliction of emotional distress cause of action.

Further, the basis of Plaintiff's intentional infliction of emotional distress claim is the filing of the lawsuit; however, "the act of filing a lawsuit . . . does not go beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community." *See Klein & Assocs. Pol. Rels. v. Port Arthur Indep. Sch. Dist.*, 92 S.W.3d 889, 898 (Tex. App.—Beaumont 2002, pet. denied) (first citing *Brewerton*, 997 S.W.2d at 216; then citing *Guzman v. Guzman*, 827 S.W.2d 445, 448 (Tex. App.—Corpus Christi-Edinburg 1992, writ denied)). Instead, the wrongful filing of a lawsuit may be remedied by other causes of action, such as malicious prosecution; consequently, a claim for intentional infliction of emotional distress is not the proper remedy for such circumstances. *Id.* Accordingly, Plaintiff has failed to state a claim for intentional infliction of emotional distress based upon the filing of the protective order lawsuit.

Because Plaintiff has failed to allege the first two required elements and the underlying act of his claim is the filing of the protective order lawsuit, Plaintiff cannot plausibly state a claim for intentional infliction of emotional distress. Accordingly, the Court recommends Plaintiff's intentional infliction of emotional distress claim be dismissed for failure to state a claim.

**B.      Leave to Amend**

A "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally

be offered an opportunity to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep't of Homeland Sec.*, No. 20-cv-948, 2021 WL 2232052, at *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

In the present case, the Court finds Plaintiff has pleaded his best case for all three causes of action, and amendment would be futile. The Complaint (Dkt. 1) is thirty pages long and provides a detailed and thorough background of the events leading up to the filing of the protective order lawsuit, as well as the events of the relevant state court proceeding. None of the facts alleged by Plaintiff can support his causes of action for malicious prosecution and abuse of process because the lawsuit ultimately ended in a nonsuit by Defendant. Furthermore, even if Plaintiff was to amend the Complaint (Dkt. 1) to allege that Defendant intentionally filed the lawsuit to cause Plaintiff emotional distress, he could not maintain his cause of action for intentional infliction of emotional distress because this claim is not the proper remedy for the wrongful filing of a lawsuit. Thus, the Court finds giving Plaintiff leave to amend would be futile.

### IV.   RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Dismiss (Dkt. 10) be **GRANTED** and Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 6th day of August, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE