

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

FILED

JUL 29 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NELSON WILLIS,

Plaintiff,

v.

ADAM M. ARON,

Defendant.

Case No.: 4:23-cv-00732-ALM

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I. Introduction

Plaintiff Nelson Willis, Pro Se, respectfully submits this Motion for Summary Judgment against Defendant Adam M. Aron. This motion is based on the procedural misconduct, fraudulent activities, and strategic misrepresentations perpetrated by the defendant and his attorneys, which have fundamentally undermined the integrity of the judicial process and caused irreparable harm to the plaintiff.

II. Factual Background

1. Strategic Bluff by Filing Notice of Nonsuit: On July 31, 2023, at 4:58 PM CST (**EXHIBIT A**), the defendant's attorneys filed a Notice of Nonsuit Without Prejudice in the 235th District Court of Texas. This notice was filed approximately 8.5 hours after the Kansas Johnson County Sheriff's Department served subpoenas (**EXHIBIT E**) on the Vice President of Investor Relations, John Merriwether, for key evidence. The timing and circumstances indicate this notice was a strategic bluff intended to mislead the court and buy time.

2. **Failure to Finalize Nonsuit**: Despite filing the notice, the necessary procedural steps to finalize this nonsuit were never completed. (**SEE EXHIBIT B 235TH DISTRICT COURT DOCKET SHEET**). Attorney Richard Illmer filed the nonsuit but had not read the transcript. (**SEE EXHIBIT D TRANSCRIPT 23-CV-00179**). Once Attorney Richard Illmer realized Attorney Meghann Reeves stated in court on July 21, 2023, that all evidence had been submitted, Attorney Richard Illmer realized he could no longer file the Motion for Nonsuit Without Prejudice and therefore, no judge's order was signed, leaving the case

active and open in the state court. This intentional violation has significantly prejudiced the plaintiff's position in the federal case.

3. **Fraudulent Activities and Forged Affidavit**: The defendant's attorneys, Richard Illmer and Meghann Reeves, engaged in a pattern of deceit and misrepresentation, including submitting a forged affidavit **(SEE EXHIBIT C AFFIDAVIT OF ADAM M. ARON THE COURT CLERK DOES NOT HAVE THE AFFIDAVIT MS. REEVES BROUGHT TO COURT ON JULY 21 2023)** to manipulate the judicial process. Their actions have caused severe harm to the plaintiff, who has been falsely portrayed and unjustly targeted.

4. **Misleading Federal Court**: The federal court's decisions, including the denial of the plaintiff's emergency motions to halt the June 5, 2024, shareholder meeting, were based on the incorrect assumption that the state court case was dismissed. This procedural misconduct and the strategic bluff by the defendant have significantly affected the plaintiff's case not only in the 235th District Court of Texas but also in the United States District Court Eastern District of Texas, Sherman Division.

5. **Hostile Witness Subpoena and Retaliation**: Plaintiff subpoenaed John Merriwether on July 31, 2023, at approximately 8:30 AM CST as a hostile witness to be questioned under oath on August 7, 2023, at 2:45 PM CST. In retaliation, the defendant filed a notice of nonsuit to evade compliance and scrutiny.

6. **Evidence Submitted by Affidavit**: In the lower court, Defendant's attorney, Meghann Reeves, stated in the transcript **(Exhibit D)** that all evidence had been submitted by affidavit, making the nonsuit illegal as it precludes new evidence without court approval.

### III. Legal Standards

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The plaintiff bears the burden of demonstrating the absence of a genuine issue of material fact. Due to the procedural misconduct and fraudulent actions by the defendant's attorneys, all filings by the defense in this federal case are rendered fraudulent and invalid, thus meeting the criteria for summary judgment under FRCP Rule 56.

### IV. Argument

#### 1. Procedural Misconduct and Fraudulent Activities

- The defendant's attorneys have engaged in procedural misconduct by filing a Notice of Nonsuit without following through with the necessary procedural steps to finalize it. This strategic bluff was intended to mislead the court and obstruct justice. Their submission of a forged affidavit further compounds their fraudulent conduct.

- **Supporting Case Law**: C/S Solutions, Inc. v. Energy Maintenance Services Group, LLC (274 S.W.3d 299, 308 (Tex. App.—Houston [1st Dist.] 2008, no pet.))

#### 2. Violation of Constitutional Rights

- The defendant's actions have violated the plaintiff's Sixth Amendment rights to a fair trial and due process. The strategic bluff and procedural misconduct have denied the plaintiff a fair and just legal process.

- **Supporting Case Law:** Mullins v. TestAmerica Inc., 564 F.3d 386, 401 (5th Cir. 2009)

3. Extrinsic Fraud

- **The concealment of material facts and fraudulent representations** by the attorneys constitute extrinsic fraud. This type of fraud prevents a party from fully presenting their case and is grounds for setting aside a judgment.

- **Supporting Case Law:** Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984)

4. Irreparability of Harm

- The defendant's actions have caused irreparable harm to the plaintiff, who has suffered significant emotional, financial, and reputational damage. The fraudulent and deceitful conduct of the defendant's attorneys necessitates immediate and severe relief.

5. Legal Ramifications of Procedural Misconduct

- The actions of the defendant's attorneys in filing a Notice of Nonsuit and then failing to follow through with the necessary procedural steps while continuing to represent that the case was dismissed constitute a serious ethical violation. Misrepresenting the status of a case to the court, particularly in a way that misleads the court and other parties, can be considered fraudulent conduct and may rise to the level of criminal fraud, potentially classified as a felony. This conduct has severely undermined the integrity of the judicial process and warrants significant sanctions.

6. Fraudulent Nature of Federal Court Filings

- Due to the procedural misconduct and fraudulent misrepresentation of the status of the state court case, all filings by the defendant's attorneys in the federal court case (Case No.: 4:23-cv-00732) are rendered fraudulent. This includes their motion to dismiss, motion for protective order, and all subsequent filings and objections. The integrity of these documents is compromised due to the attorneys' willful misrepresentation and fraudulent conduct.

V. Relief Requested

In light of the above arguments, the plaintiff respectfully requests that this Court:

1. **Grant Summary Judgment in Favor of the Plaintiff**: Recognize the procedural misconduct and fraudulent activities of the defendant and his attorneys.

2. **Award Compensatory Damages**: $500,000 for the harm suffered by the plaintiff.

3. **Award Punitive Damages**: $25,000,000 against the defendant and an additional $25,000,000 against the attorneys and their law firm to deter future misconduct and to punish the defendant and his attorneys for their egregious actions.

4. **Dismissal of Criminal Harassment Case in Leawood, Kansas**: Order the dismissal of the pending criminal harassment charges against the plaintiff in Leawood, Kansas.

5. **No Immunity for Defendants**: State that the defendants shall not be granted immunity from re-filing of the amended complaint and the lawsuit against the attorneys.

6. **Grant Plaintiff's Pending Motions**: Order that all motions filed by the plaintiff in this federal case be granted.

7. **Immediate Payment of Awarded Damages**: Require that all awarded damages be paid within 24 hours of the judgment filing.

8. **Bar on Appeals**: Include a clause that the summary judgment is final and not subject to appeal by the defendants.

VI. Conclusion

The procedural misconduct, strategic bluff, and fraudulent activities of the defendant and his attorneys have fundamentally undermined the judicial process and caused irreparable harm to the plaintiff. The plaintiff respectfully requests that this Court grant the relief requested and ensure that justice is served.

DATE: July 29, 2024

Sincerely,

_____

Nelson Willis

Plaintiff Pro Se Litigant

1405 County Road 208

Gainesville, TX 76240

Phone: 972-533-4126

Email: nelsonwillis3@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 29TH day of JULY, 2024, a true and correct copy of the foregoing Plaintiff's Motion for Summary Judgment and the [Proposed] Order Granting Plaintiff's Motion for Summary Judgment were served upon the following parties via the court's electronic notification email system:

Richard Illmer
Husch Blackwell LLP
1900 N. Pearl St., Suite 1800
Dallas, TX 75201
Email: richard.illmer@huschblackwell.com

Meghann Reeves
Husch Blackwell LLP
1900 N. Pearl St., Suite 1800
Dallas, TX 75201
Email: meghann.reeves@huschblackwell.com

Dated this 29TH day of JULY, 2024.

Respectfully submitted,

Nelson Willis
Plaintiff Pro Se Litigant
1405 County Road 208
Gainesville, TX 76240
Phone: 972-533-4126
Email: nelsonwillis3@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION

NELSON WILLIS,
Plaintiff,

v.

ADAM M. ARON,
Defendant.

Case No.: 4:23-cv-00732-ALM

JULY 29, 2024

[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT

Before the Court is Plaintiff Nelson Willis's Motion for Summary Judgment. Upon consideration of the motion, the supporting evidence, and the entire record, the Court finds that there is no genuine dispute as to any material fact and that the Plaintiff is entitled to judgment as a matter of law.

IT IS HEREBY ORDERED THAT:

1. Summary Judgment is GRANTED in favor of the Plaintiff, Nelson Willis.
2. The Defendant, Adam M. Aron, is ordered to pay the Plaintiff compensatory damages in the amount of $500,000.
3. The Defendant, Adam M. Aron, is ordered to pay the Plaintiff punitive damages in the amount of $25,000,000.
4. The attorneys Richard Illmer and Meghann Reeves, and their law firm, are ordered to pay the Plaintiff punitive damages in the amount of $25,000,000.
5. The pending criminal harassment charges against the Plaintiff in Leawood, Kansas are DISMISSED.
6. The Plaintiff's pending motions in this federal case are GRANTED.
7. The Defendants shall not be granted immunity from the re-filing of the Plaintiff's amended complaint and the lawsuit against the attorneys.
8. All awarded damages must be paid within 24 hours of the filing of this judgment.
9. This summary judgment is final and not subject to appeal by the Defendants.

IT IS SO ORDERED.

Signed this ___ day of _____, 2024.

_____
Hon. Amos L. Mazzant, III
United States District Judge