UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

**NELSON WILLIS, Plaintiff,**

**v.**

**ADAM M. ARON, Defendant.**

**Civil Action No. 4:23-cv-00732-ALM-KPJ**

June 6, 2024

FILED

JUN - 6 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

### OBJECTION TO REPORT AND RECOMMENDATION (39) AND MOTION TO REMOVE MAGISTRATE JUDGE

The Honorable Judge Amos L. Mazzant, III

United States District Court

Your Esteemed Honor,

Plaintiff Nelson Willis hereby files this Objection to the Report and Recommendation issued by Magistrate Judge Kimberly C. Priest Johnson on June 5, 2024, and moves for the immediate removal of the Magistrate Judge from this case. Plaintiff objects on the following grounds:

I. INTRODUCTION

Plaintiff, proceeding pro se, respectfully submits this objection to the Magistrate Judge's Report and Recommendation (Dkt. 39) recommending the denial of Plaintiff's Motions for Injunction (Dkts. 35, 37, 38). Plaintiff further requests the removal of the Magistrate Judge due to the misrepresentation of critical facts and procedural irregularities that have prejudiced Plaintiff's case.

II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), this Court must conduct a de novo review of those portions of the Report and Recommendation to which specific objections have been made. (Thomas v. Arn, 474 U.S. 140, 149 (1985)). The district judge must independently consider the record and may accept, reject, or modify the magistrate judge's recommendations. (United States v. Raddatz, 447 U.S. 667, 676 (1980)).

III. SPECIFIC OBJECTIONS

1. **Relevance to Underlying Claims**:

The Magistrate Judge concluded that the requested injunctive relief is unrelated to the underlying claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress. Plaintiff respectfully disagrees. The ongoing actions by Defendant directly relate to Plaintiff's original claims as they demonstrate a continued pattern of conduct intended to harm and intimidate Plaintiff. The injunctive relief sought is essential to prevent further irreparable harm that stems from the same series of actions by the Defendant. (See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc)).

2. **Irreparable Harm**:

Plaintiff has demonstrated that allowing the shareholder meeting to proceed without judicial intervention will cause irreparable harm to Plaintiff and other shareholders. This harm is immediate and cannot be remedied by monetary damages alone. Plaintiff has provided evidence of ongoing fraudulent activities and stock manipulation which, if not halted, will result in irreversible financial and reputational damage. (See Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008)).

3. **Balance of Equities and Public Interest**:

The balance of equities tips in favor of Plaintiff, as the potential harm to Defendant from a temporary delay of the shareholder meeting is minimal compared to the irreversible harm to Plaintiff and shareholders. Furthermore, the public interest is served by ensuring that corporate governance procedures are conducted lawfully and transparently. Allowing the meeting to proceed without addressing the serious allegations undermines the integrity of the shareholder voting process and public trust in the market. (See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie, 608 F.3d 200, 206 (5th Cir. 2010)).

4. **Injunction in the Public Interest**:

Ensuring the legality and fairness of corporate actions, especially those that significantly affect shareholders, aligns with the public interest. The allegations of stock manipulation and fraudulent activity, if proven true, harm not only the shareholders but also the broader market integrity. An injunction serves to protect these interests pending a thorough judicial review. (See SEC v. Unifund SAL, 910 F.2d 1028, 1039 (2d Cir. 1990)).

IV. ADDITIONAL LEGAL AND FACTUAL CONTEXT

- **Previous Case in the 235th District Court**:

Plaintiff emphasizes the significance of the previous case in the 235th District Court of Texas (Case No. 23-CV-00179), where Plaintiff Nelson Willis was depicted as a stalker rather than a shareholder. Despite being the Petitioner in the case, Adam M. Aron was characterized as a defendant in the current federal case (Case No. 4:23-CV-00732). This discrepancy in roles underscores the importance of accurately assessing the parties' positions and motives in the proceedings.

- **Nature of Plaintiff's Communications**:

   Plaintiff acknowledges the emotional tone of his communications with AMC's CEO and Investor Relations. However, Plaintiff asserts that such emotion stems from the gravity of the alleged misconduct by AMC and its executives, which has adversely affected countless shareholders. Plaintiff's passionate response reflects his commitment to holding AMC accountable for actions that have harmed shareholders and damaged the integrity of the company.

- **Complexity of the Case and Pending Evidence**:

   Plaintiff acknowledges the complexity of the case, particularly given the involvement of multiple defendants and the extensive evidence of wrongdoing. Plaintiff is diligently working on the Amended Complaint, which will incorporate additional evidence, including a comprehensive video compilation prepared by a group of shareholders. This evidence further underscores the urgency of the injunctive relief sought by Plaintiff to prevent ongoing harm pending a full adjudication of the case.

V. REQUEST FOR REMOVAL OF MAGISTRATE JUDGE

Plaintiff requests the immediate removal of Magistrate Judge Kimberly C. Priest Johnson from this case based on the following grounds:

1. **Misrepresentation of Critical Facts**:

   - The Magistrate Judge's assertion that the Defendant voluntarily dismissed the previous case in the 235th District Court of Texas is factually incorrect. The dismissal occurred only after Plaintiff served subpoenas on John Merriweather, Vice President of Investor Relations, and for the shareholder emails following the March 14, 2023 shareholder vote for the 10-to-1 reverse stock split. This clearly indicates that the dismissal was not voluntary but a strategic move to avoid compliance with the subpoenas and legal scrutiny.

   - Defendant did not show up in court on the scheduled day, July 21, 2023. Plaintiff had filed a 60-page opposition detailing allegations of felony conduct by the Defendant, including rigging shareholder votes and executing illegal reverse splits. Defendant's attorney attempted to resolve the matter via affidavit without Defendant's presence, further demonstrating that the dismissal was not voluntary.

2. **Procedural Irregularities**:

   - The Magistrate Judge issued her Report and Recommendation on the day of the shareholder meeting and vote, which significantly prejudiced Plaintiff by denying a fair opportunity to respond. Plaintiff did not receive the email notification until 5:51 PM, after close of business, making it impossible to file an emergency response before the vote.

   - Despite filing additional motions for a Temporary Restraining Order and an Emergency Motion to Establish Status Quo, Plaintiff received no timely response from the court, exacerbating the prejudice caused by the delayed Report and Recommendation.

VI. SPECIFIC LEGAL ARGUMENTS

1. **Demonstrating Substantial Likelihood of Success on the Merits**:

   - Plaintiff has presented substantial evidence suggesting a pattern of misconduct by Defendant that aligns with the allegations of malicious prosecution, abuse of process, and intentional infliction of emotional distress. The evidence includes documented communications, recorded interactions, and the broader context of Defendant's actions within the corporate governance of AMC.

   - Courts have recognized that a substantial likelihood of success on the merits does not require proof that the plaintiff will ultimately prevail but rather that the plaintiff's claims have a solid basis and are credible. (See Lakedreams v. Taylor, 932 F.2d 1103, 1108 (5th Cir. 1991)).

2. **Likelihood of Irreparable Harm**:

   - Plaintiff has sufficiently demonstrated that the actions of the Defendant, if not immediately halted, will result in significant financial and reputational damage. The ongoing manipulation of shareholder votes and corporate governance issues present a clear and present danger to the financial interests of Plaintiff and other shareholders.

   - Irreparable harm in the context of securities and corporate governance often involves situations where monetary damages cannot adequately compensate for the loss of shareholder rights and the integrity of the voting process. (See Janvey v. Alguire, 647 F.3d 585, 600 (5th Cir. 2011)).

3. **Balance of Equities**:

   - The harm to Defendant from a temporary injunction is minimal compared to the potential irreparable harm faced by Plaintiff and other shareholders. The delay of the shareholder meeting and halting of further corporate actions are necessary to ensure that these actions are lawful and transparent.

   - When balancing equities, courts consider the relative hardships that would be imposed on the parties by the granting or denial of the injunction. Here, the potential harm to Plaintiff far outweighs any inconvenience to Defendant. (See Winter v. Nat. Res. Def. Council, 555 U.S. at 24).

4. **Public Interest**:

   - The public interest is unequivocally served by maintaining the integrity of the corporate governance process and ensuring that shareholder rights are protected. The allegations of fraudulent activities, if proven true, could have far-reaching implications not only for AMC but also for the broader financial market.

   - Courts have recognized that protecting shareholder rights and ensuring transparent corporate practices are matters of significant public interest. (See SEC v. Unifund SAL, 910 F.2d 1028, 1038 (2d Cir. 1990)).

VII. REQUEST FOR RELIEF

Based on the foregoing, Plaintiff respectfully requests that the Court:

1. Reject the Magistrate Judge's Report and Recommendation (Dkt. 39).

2. Grant Plaintiff's Motion for Emergency Halt and Cease-and-Desist Request (Dkt. 35).

3. Grant Plaintiff's Motion for Temporary Restraining Order (Dkt. 37).

4. Grant Plaintiff's Emergency Motion to Establish Status Quo Regarding AMC Shareholder Meeting (Dkt. 38).

5. Remove Magistrate Judge Kimberly C. Priest Johnson from this case due to misrepresentation of critical facts and procedural irregularities that have significantly prejudiced Plaintiff's ability to receive a fair and timely resolution of his motions.

6. Ensure that Plaintiff's motions are heard and resolved in a fair and timely manner.

VIII. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court sustain his objections, grant the requested injunctive relief, and order the removal of Magistrate Judge Kimberly C. Priest Johnson from this case. Plaintiff seeks a fair opportunity to present his case and protect his rights as a shareholder, free from procedural and factual misrepresentations.

Respectfully submitted,

Nelson Willis

Pro Se Litigate

1405 County Road 208

Gainesville, TX 76240

## CERTIFICATE OF SERVICE

Case# 04:23-CV-732-ALM-KPJ

I hereby certify that a true and correct copy of the foregoing:

**OBJECTION TO REPORT AND RECOMMENDATION (39) AND MOTION TO REMOVE MAGISTRATE JUDGE**

has been forwarded by email to each attorney/party of record on this day June 6, 2024.

Richard A. Illmer
State Bar No. 10388350
Rick.Illmer@HuschBlackwell.com

Meghann Reeves
State Bar No. 24094499
Meghann.Reeves@HuschBlackwell.com

Nelson Willis
Pro-Se Litigant
1405 County Rd., 208
Gainesville, TX 76240
nelsonwillis3@gmail.com