IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NELSON WILLIS § | |
| § | |
| v. § | NO. 4:23-CV-00732-ALM-BD |
| § | |
| ADAM M. ARON § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Nelson Willis filed a motion asking the court to take judicial notice of certain alleged misconduct by defendant Adam Aron, Dkt. 104, and a motion for reconsideration of the court's dismissal of Willis's claims, Dkt. 105. The motions were referred to me in accordance with 28 U.S.C. § 636. Dkt. 112. The motion for judicial notice should be dismissed and the motion for reconsideration denied.

BACKGROUND

Willis sued Aron, the CEO and President of AMC Entertainment Holdings, Inc., for malicious prosecution, abuse of process, and intentional infliction of emotional distress. Dkt. 1 at 26–28. At this stage of proceedings, the facts alleged in the complaint must be taken as true. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).

According to the complaint, while Willis was in the hospital, AMC held a special meeting for shareholders to vote on whether to increase the number of authorized shares of common stock and to convert a class of preferred stock into common stock. Dkt. 1 at 11–12. Although Willis owned both preferred and common shares, he received proxy-voting statements only for his preferred shares, preventing him from voting on all of his shares from the hospital. *Id.* at 16–17. When he learned that the proposed changes were approved without all of his votes, he sent angry emails to Aron, prompting Aron to petition a state court for a protective order against him. *Id.* at 18–19. In connection with the state-court matter, Willis served John Merriwether, AMC's Vice President of

Investor Relations, with subpoenas to testify and to produce documents. *Id.* at 21. Hours later, Aron filed a nonsuit. *Id.* at 22.

Willis responded by filing this federal lawsuit alleging that Aron's state-court action amounted to malicious prosecution, abuse of process, and intentional infliction of emotional distress. Aron moved to dismiss the complaint. Dkt. 10. Willis filed a motion for summary judgment "based on the procedural misconduct, fraudulent activities, and strategic misrepresentations perpetrated by [Aron] and his attorneys." Dkt. 80 at 1.

Magistrate Judge Kimberly C. Priest Johnson issued a report and recommendation that Aron's motion to dismiss be granted and Willis's claims dismissed with prejudice. Dkt. 88. Willis filed timely objections. Dkt. 94. District Judge Amos L. Mazzant conducted a *de novo* review of those objections, overruled them, and adopted Judge Johnson's report and recommendation. Dkt. 103.

Less than a half-hour after the court's order was docketed, Willis filed a motion for judicial notice asking the court to consider certain information in support of his motion for summary judgment, Dkt. 104, even though the court never reached the motion because it had already dismissed his claims. A few days later, Willis filed a motion for reconsideration of the memorandum adopting the report and recommendation. Dkt. 105. He filed a notice of appeal the next week. Dkt. 110 (original); Dkt. 111 (amended).

## JURISDICTION

A "perfected appeal divests the district court of jurisdiction." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). Because Willis has perfected an appeal, *see* Dkt. 111; Docket, *Willis v. Aaron*, No. 24-40585 (5th Cir.), the court may not consider his motion for judicial notice.

For the same reason, the court would lack jurisdiction to grant Willis's motion for reconsideration without first obtaining leave from the court of appeals. *Shepherd*, 372 F.3d at 329. The court may, however, deny the motion for reconsideration without leave of the higher court. *Id.* (discussing a Rule 60(b)(6) motion); *see Perkins v. Livingston*, No. 9:12-CV-00121, 2012 WL 13184344, at *2 (E.D. Tex. Oct. 1, 2012) (applying the same reasoning to a Rule 59(e) motion).

## STANDARD FOR RECONSIDERATION

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd*, 372 F.3d at 328 n.1. "If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo v. Young*, No. 6:11-CV-00350, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Because Willis filed his motion for reconsideration within 28 days of the court's memorandum adopting the report and recommendation, it is considered a Rule 59(e) motion.

Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A "[m]anifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## DISCUSSION

Willis's motion for reconsideration does not present newly discovered evidence or identify an intervening change in the controlling law. Rather, it argues only for error-correction—but fails to identify any error.

### I. The Nonsuit in State Court

Willis first asserts that Aron's nonsuit of the state-court case was never finalized, so his claim for malicious prosecution should not have been dismissed. Willis has already made and lost that argument twice. He is not entitled to a third try.

In both his response to Aron's motion to dismiss and his objections to the memorandum adopting the report and recommendation, Willis argued that Aron's filing of the nonsuit just hours

3

after Merriwether was served with the subpoenas demonstrated that Aron filed the nonsuit to avoid discovery and, ultimately, an unfavorable ruling on the merits. Dkt. 32 at 10–12; Dkt. 94 at 2–3. Relying on *Epps v. Fowler,* 351 S.W.3d 862 (Tex. 2011), Willis argued that Aron's attempt to avoid an unfavorable ruling made his nonsuit ineffective. *Id.*

A Rule 59(e) motion "is not 'the proper vehicle for rehashing old arguments.'" *Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, No. 9:07-CV-00046, 2008 WL 11345895, at *1 (E.D. Tex. Aug. 18, 2008) (quoting *Resol. Tr. Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994)). Accordingly, Willis's rehashed arguments about the status of the nonsuit are not a proper basis for Rule 59(e) relief.

But even if Willis could properly re-raise those issues, the result would not change. The court did not err in dismissing his claim for malicious prosecution based on the status of the nonsuit.

A complaint will survive a motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, the court must first identify and exclude legal conclusions in the complaint that "are not entitled to the assumption of truth," then consider the remaining "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff. *Heinze*, 971 F.3d at 479. Here, Willis failed to state a claim for malicious prosecution because he did not plead sufficient facts for the court to find that the state-court suit terminated in his favor, one of six essential elements of a malicious-prosecution claim. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996).

Willis stated in his complaint that "Aron nonsuited all of the claims asserted against [him]" and that the "proceeding was terminated in . . . Willis'[s] favor." Dkt. 1 at 22, 26. Although the court had to take as true all of the complaint's well-pleaded facts, including the fact that Aron filed a nonsuit, it was not required to embrace Willis's legal conclusion that the proceeding terminated in his favor. Because "[t]he taking of a voluntary non-suit does not constitute a litigation of the issues in a case," the court instead found that the nonsuit was a neutral termination. Dkt. 88 at 5–

4

6 (citing *KT Bolt Mfg. Co. v. Tex. Elec. Coops., Inc.*, 837 S.W.2d 273, 275 (Tex. App.—Beaumont 1992, writ denied)).

Willis now argues that the court erred in reaching that conclusion because the nonsuit was never finalized, leaving the state-court case "active and unresolved." Dkt. 105 at 2. But if that were true, it would not help Willis. If the state-court case remains unresolved, it necessarily could not have terminated, much less terminated in Willis's favor. *See Tex. Beef Cattle Co.*, 921 S.W.2d at 207.

True, the state-court case could have terminated in Willis's favor if the proceedings had played out differently. As the Texas Supreme Court explained in *Epps*, "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." 351 S.W.3d at 870. But Willis did not allege that he asked the state court to determine whether the nonsuit was taken to avoid an unfavorable merits ruling or that the court made that determination. Rather, Willis alleged only that Aron nonsuited the claims and that the case was terminated. Because he did not state facts in the complaint that could plausibly show otherwise, the court did not err in concluding that the nonsuit was finalized and the state-court case terminated neutrally.

Relatedly, Willis asserts that this court should have: (1) weighed Aron's alleged attempt to evade discovery against him; (2) invalidated Aron's subsequent filings, including his motion to dismiss; and (3) sanctioned Aron's counsel. None of those assertions has merit. For the reasons already explained, the court did not err in finding the nonsuit finalized, so Willis's arguments related to that conclusion fail. And neither Aron nor his counsel committed any misstep by filing the nonsuit. Aron had a right to make that procedural move at any time before introducing all of his evidence. *See* Tex. R. Civ. P. 162.

Finally, Willis asserts that Aron's counsel knowingly misrepresented the status of the state-court case to this court and that he also submitted a forged affidavit, an assertion for which Willis provides no context. He argues that the court should have considered such "fraudulent activities" when ruling on his two remaining claims for abuse of process and intentional infliction of emotional

5

distress. But Willis did not allege any facts about those activities in his complaint, so the court could not have properly considered them when ruling on the motion to dismiss. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (explaining that, under Rule 12(b)(6), "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint"). If Willis wanted those facts to be considered, he could have added them by amending his complaint. *See* Fed. R. Civ. P. 15(a); *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (explaining that "a plaintiff is master of his complaint"). He was given several extensions to allow him to amend his complaint, *see* Dkts. 17, 20, 23, 25, 26, 30, but he never did.

## II. Discovery

Willis next asserts that the court unjustly deprived him of access to evidence needed to substantiate his claims by dismissing his case before he could subpoena nine "key social media influencers who possess relevant insider information." Dkt. 105 at 2. But Willis previously objected to the court's dismissal of his case before he was able to conduct discovery, and that objection was overruled. Dkts. 94 at 3–4, 103 at 1. He cannot properly rehash that argument as grounds for reconsideration. *See Iovate Health Scis., Inc.,* 2008 WL 11345895, at *1.

In any event, the argument would fail. Willis confuses the standard for a motion to dismiss with the standard for a motion for summary judgment. As already noted, when ruling on a motion to dismiss, the court assumes the truth of the well-pleaded facts and does not consider evidence. *Heinze*, 971 F.3d at 479; *Lone Star Fund*, 594 F.3d at 387. At the summary-judgment stage, however, the court may, and often does, consider evidence. *See* Fed. R. Civ. P. 56(c). If a complaint does not survive a motion to dismiss, the court never reaches the motion for summary judgment and therefore has no occasion to consider evidence. That makes good sense, as a case may proceed to the summary-judgment stage only if the plaintiff states a plausible claim. *See Twombly*, 550 U.S. at 558–59 (2007). Willis failed to do that, so he was not required to substantiate his claims with

evidence. The court therefore did not err in dismissing Willis's claims before he conducted discovery.

In the same vein, Willis faults the court for not acting on his motion for summary judgment, demanding that the motion be granted. He also states his intent to file an amended complaint and bring a separate lawsuit against Aron's attorneys and their law firm. Those assertions do not support a request to alter or amend the challenged judgment, so they fall outside the scope of a Rule 59(e) motion. Also, Willis already unsuccessfully objected to the court's failure to rule on his motion for summary judgment. *See* Dkts. 94 at 4, 103 at 1. Again, because a Rule 59(e) motion is not the proper vehicle for rehashing arguments that have already failed, Willis's argument is unavailing. *See Iovate Health Scis., Inc.,* 2008 WL 11345895, at *1.

### III. Consideration for a Pro Se Litigant

Willis finally states that the court treated him with an "unjust and unacceptable" disregard by failing "to extend the necessary considerations to a pro se litigant," adding that the court failed to treat "any of [his] statements or evidence as true." Dkt. 105 at 3, 4. Those are false charges.

A *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation marks omitted). Because Willis failed to allege facts that could support a conclusion that the state-court case terminated in his favor, *see supra* Part I, the court did not err by granting Aron's motion to dismiss. *See Landry v. Townsend*, No. 6:23-CV-00057, 2023 WL 9380391, at *5 (E.D. Tex. Dec. 18, 2023) (dismissing several claims by a *pro se* plaintiff who failed to allege facts showing that he was entitled to relief), *report and recommendation adopted*, No. 6:23-CV-00057, 2024 WL 264674 (E.D. Tex. Jan. 24, 2024); *Peel v. Cnty. Att'y Mark Cobern*, No. 5:22-CV-00032, 2022 WL 18396272, at *7–9 (E.D. Tex. Aug. 15, 2022) (dismissing claims when a *pro se* plaintiff did not plead

facts that could support an action against the defendant), *report and recommendation adopted*, No. 5:22-CV-00032, 2022 WL 17831397 (E.D. Tex. Dec. 21, 2022), *appeal dismissed*, No. 23-40046, 2023 WL 9380824 (5th Cir. Feb. 16, 2023); *Taylor*, 296 F.3d at 380 (affirming dismissal of a complaint when the *pro se* plaintiff failed to state a fact necessary to prove his claim).

## RECOMMENDATION

It is **RECOMMENDED** that: (1) the motion for judicial notice, Dkt. 104, be **DISMISSED** for lack of jurisdiction; and (2) the motion for reconsideration, Dkt. 105, be **DENIED**.

\* \* \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district judge of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district judge, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 19th day of November, 2024.

_____
Bill Davis
United States Magistrate Judge